**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORUS BANK, N.A.,<br><br>    Defendant. | Case No. 1:08-cv-01746<br><br>Judge Bucklo<br><br>Mag. Judge Denlow<br><br><br>JURY DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant Corus Bank, N.A. ("Corus"), by its undersigned attorneys, submits this Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint.

## ANSWER

### The Parties

1.    Plaintiff is an Illinois citizen and resides in this district.

**RESPONSE:** Corus states that it is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and on that basis denies, generally and specifically, each and every the allegation contained in Paragraph 1.

2.    Defendant is a bank with its principal place of business in this district.

**RESPONSE:** Corus admits the allegation contained in Paragraph 2.

### Jurisdiction and Venue

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.*

**RESPONSE:**  Paragraph 3 states a legal conclusion requiring no answer.  To the extent

that an answer is deemed required, Corus admits that the Complaint alleges that this Court has

jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the

Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et*

*seq.*

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

**RESPONSE:**  Paragraph 4 states a legal conclusion requiring no answer.  To the extent

that an answer is deemed required, Corus admits it is a resident of this district pursuant to 28

U.S.C. § 1391 (b), but is without knowledge or information sufficient to form a belief as to the

remaining allegations of this paragraph, and on that basis, denies, generally and specifically,

each and every remaining allegation of Paragraph 4.

### Statutory/Regulatory Authority

5.      The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

**RESPONSE:**  Paragraph 5 states a legal conclusion requiring no answer.  To the extent

an answer is deemed required, Corus defers to the actual language of the EFTA and Regulation E,

and denies any characterization inconsistent therewith.

6.      Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 (c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

**RESPONSE:** Paragraph 6 states a legal conclusion requiring no answer.  To the extent an answer is deemed required, Corus defers to the actual language of the EFTA and Regulation E and denies any characterization inconsistent therewith.

7.      The EFTA, 15 U.S.C. § 1693 b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**RESPONSE**:  Paragraph 7 states a legal conclusion requiring no answer. To the extent an answer is deemed required, Corus defers to the actual language of the EFTA and Regulation E and denies any characterization inconsistent therewith.

### Facts Related to Thomas Stone

8.      On December 28, 2007, Plaintiff used automated teller machine ("ATM") number S862010 ("ATM S862010") located at 530 Torrence, Calumet City, Illinois.

**RESPONSE:** Corus states that it is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 8, and on that basis denies, generally and specifically, each and every allegation contained in Paragraph 8.

9.      On December 28, 2007, Plaintiff was charged a $2.00 fee to withdraw money from ATM S862010.

**RESPONSE:** Corus states that it is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 9, and on that basis denies, generally and specifically, each and every allegation contained in Paragraph 9.

10.     On December 28, 2007, at the time Plaintiff used ATM S862010, there was no notice posted on or near ATM S862010 that disclosed that users would be charged any fee for using ATM S862010.

**RESPONSE:**  Corus states that it is without knowledge or information sufficient to form a belief as to the allegation that Plaintiff used ATM S862010, on December 28, 2007 or at any time, and on that basis Corus denies this allegation, generally and specifically.  Corus admits that on December 28, 2007, there was no notice posted on or near ATM S862010 that disclosed that users would or might be charged any fee for using ATM S862010.  Further answering, Corus states that at all times relevant to this action, users of ATM S862010 who were not Corus customers were advised by an on-screen message that a $2.00 fee would be charged for each transaction, and the user was required to affirmatively accept or decline the imposition of a fee (and determine to proceed or decline to proceed with the transaction) by selecting the appropriate screen prompt on the ATM machine.

## Count I
## Violation of EFTA and Regulation E

11.     Plaintiff incorporates herein by reference paragraphs 1-10.

**RESPONSE:**  Corus realleges and restates its responses to paragraphs 1-10 as if fully stated herein as Paragraph 11.

12.     Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of automated teller machine number S862010, located at Corus Bank, 530 Torrence, Calumet City, Illinois.

**RESPONSE:**  Corus denies that a putative class exists, and denies, generally and specifically, each and every remaining allegation contained in Paragraph 12.

13.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class action consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable.  The actual number of putative class members is in the exclusive control of Defendant.

**RESPONSE:**  Paragraph 13 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 13.

14.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

(a)    Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

(b)    Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

**RESPONSE:**  Paragraph 14 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 14.

15.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

(a)    Plaintiff and all putative class members used an ATM operated by Defendant;

(b)    Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c)    Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM S862010.

**RESPONSE:**  Paragraph 15 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 15.

16.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

**RESPONSE:**  Paragraph 16 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 16.

17.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**RESPONSE:**  Paragraph 17 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 17.

18.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

**RESPONSE:**  Paragraph 18 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 18.

19.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

CHI-1646812v3

**RESPONSE:** Paragraph 19 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 19.

20.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

**RESPONSE:** Paragraph 20 states a legal conclusion requiring no answer.  To the extent an answer is deemed required,  Corus denies, generally and specifically, each and every allegation contained in Paragraph 20.

21.     Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

**RESPONSE:** Corus admits the allegations contained in Paragraph 21.

22.     Defendant was the ATM operator of ATM S862010 at all times relevant to this action.

**RESPONSE:** Corus admits the allegations contained in Paragraph 22.

23.     Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

**RESPONSE**:  Paragraph 23 states a legal conclusion requiring no answer.  To the extent that an answer is deemed required, Corus denies, generally and specifically, each and every allegation of Paragraph 23.

24.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM S862010.

**RESPONSE**:  Paragraph 24 states a legal conclusion requiring no answer.  To the extent that an answer is deemed required, Corus denies, generally and specifically, each and every allegation of Paragraph 24.

In response to Plaintiff's request for relief, individually and on behalf of the putative class, Corus denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

To the extent that the Complaint prays for the award of damages, the Complaint fails to state a claim upon which relief can be granted.  Specifically, at all times relevant to this action, users of ATM S862010 who were not Corus customers were advised by an on-screen message that a $2.00 fee would be charged for each transaction, and the user was required to affirmatively accept or decline the imposition of a fee (and determine to proceed or decline to proceed with the transaction) by selecting the appropriate screen prompt on the ATM machine.

### SECOND AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

Plaintiffs' claims are barred in whole or in part because the alleged violation was not intentional and resulted from a bona fide error.

### THIRD AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Corus opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class against Corus over each of Corus' objections, then Corus asserts that Plaintiffs' claims are barred in whole or in part by the applicable one year statute of limitations.

This Affirmative Defense, therefore, is conditional and applies only in the event of class certification.

### FOURTH AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.  Specifically, Plaintiff alleges use of ATM S862010 on December 28, 2007, but has waited until March 26, 2008, to file suit.  Stone had prior knowledge of the facts giving rise to the claim. Presumably, this delay was calculated to increase the amount of alleged damages, resulting in increased prejudice to Corus.

### FIFTH AFFIRMATIVE DEFENSE
### (MITIGATION OF DAMAGES)

Plaintiffs claims are barred, in whole or in part, by failure to mitigate any and all alleged damages, entitlement to which is expressly denied.  Specifically, once a customer used the S862010 ATM to conduct a transaction, that person was placed on notice and made aware of the ATM fee as charged (and was required by the on-screen message to make an affirmative decision whether to proceed with the transaction and incur the fee).

### SIXTH AFFIRMATIVE DEFENSE
### (WAIVER)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.  Specifically, once a customer used the S862010 ATM to conduct a transaction, that person was placed on notice and made aware of the ATM fee as charged (and was required by the on-screen message to make an affirmative decision whether to proceed with the transaction and incur the fee).

CHI-1646812v3

## SEVENTH AFFIRMATIVE DEFENSE

## (CLASS DEFENSES)

Corus opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class against Corus against each of Corus' objections, then Corus asserts all of its Affirmative Defenses against each member of the certified class.  This Affirmative Defense, therefore, is conditional and applies only in the event of class certification.

Corus reserves the right to amend this Answer to set forth any and all other defenses presently existing or that may be learned through further discovery, investigation, or proceedings.

WHEREFORE, Corus requests that this Court enter judgment in its favor and against Plaintiffs, together with its costs and attorney's fees and such relief as this Court deems proper.

Dated:  May 12, 2008                    Respectfully submitted,

                                        */s/ James R. Daly*
                                        James R. Daly
                                        Matthew E. Szwajkowski
                                        JONES DAY
                                        77 West Wacker Drive, Suite 3500
                                        Chicago, Illinois  60601-1692
                                        Telephone:  (312) 782-3939
                                        Facsimile:  (312) 782-8585
                                        Attorneys for Defendant Corus Bank

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew E. Szwajkowski, an attorney, certify that on May 12, 2008, I served Defendant Corus Bank, N.A.'s **Answer and Affirmative Defenses** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
stacy@caclawyers.com

*/s/ Matthew E. Szwajkowski*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated, | Case No. 1:08-cv-01746 |
| Plaintiff, | Judge Bucklo |
| vs. | Mag. Judge Denlow |
| CORUS BANK, N.A., | |
| Defendant. | |

## <u>DEFENDANT CORUS BANK, N.A.'s NOTIFICATION AS TO AFFILIATES PURSUANT TO LOCAL RULE 3.2</u>

Defendant Corus Bank, N.A. ("Corus") states that it is a wholly-owned subsidiary of Corus Bankshares, Inc.  The only publicly held affiliate of Corus Bankshares, Inc. owning more than 5% of its shares is Franklin Resources, Inc.


Dated:  May 12, 2008

Respectfully submitted,

*/s/ James R. Daly_____*
James R. Daly
Matthew E. Szwajkowski
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Attorneys for Defendant Corus Bank, N.A.

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew E. Szwajkowski, an attorney, certify that on May 12, 2008, I served Defendant Corus Bank, N.A.'s **Notification as to Affiliates Pursuant to Local Rule 3.2** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:


Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
stacy@caclawyers.com



*/s/ Matthew E. Szwajkowski*