IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 08 C 1746 ) |
| v. | ) Judge Bucklo ) |
| CORUS BANK, N.A., | ) Magistrate Judge Denlow ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS TO REASSIGN CASES AS RELATED**

Plaintiff Thomas Stone submits this joint response to the two (2) motions filed by Defendant Corus Bank to reassign cases for relatedness.[1]

**Introduction**

On March 26, 2008, Plaintiff Stone filed a class action complaint against Defendant alleging that it violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), by charging a fee for the use of its automated teller machine ("ATM") at 530 Torrence Avenue, Calumet City, Illinois. The Calumet City branch's ATM did not have the federally-mandated fee notice posted and as a result, was in violation of EFTA. Stone's complaint seeks relief for those persons who used the Torrence Avenue ATM.

On April 21, 2008, Gloria Rodriguez filed a separate class action complaint against Corus Bank due to a EFTA violation existing at a different ATM owned by the Defendant, located at

---

[1] Defendant nominates each motion as seeking reassignment for relatedness and cites only LR 40.4 as the basis, but Defendant also requests consolidation in the introduction of each motion. (Docket Nos. 17 and 20). However, Defendant's requested relief does not request consolidation and Defendant does not invoke Fed. R. Civ. P. 42(a), which would serve as the vehicle for consolidation. Because Defendant's motions are premised only on LR 40.4, which does not provide for consolidation, this response is limited to the issue of reassignment for relatedness.

2401 N. Halsted in Chicago, Illinois. The *Rodriguez* case is pending as No. 08 C 2254 before the Honorable Judge Dow ("*Rodriguez*"). The *Rodriguez* complaint seeks relief for those persons who used the 2401 N. Halsted ATM.

On May 14, 2008, Joan Kistner filed a class action complaint against Corus Bank arising from the EFTA violation found at the Defendant's 10 S. Riverside branch location. The *Kistner* case is pending as No. 08 C 2797 before the Honorable Judge Norgle ("*Kistner*"). The *Kistner* complaint seeks relief for those persons who used the 10 S. Riverside ATM.

Defendant now seeks reassign *Rodriguez* and *Kistner* as related to the case brought by Thomas Stone but fails to satisfy the standards for reassignment set forth in LR 40.4. Specifically, Defendant fails to show that the conditions precedent to finding that the cases may be related are present, as required by LR 40.4(a), and also fails to meet the conditions for reassignment set forth in LR 40.4(b). Therefore, this Court should deny Defendant's motion to reassign for relatedness.

## **Legal Standard**

When moving to reassign for relatedness, the moving party bears the burden of meeting the requirements of both LR 40.4(a) and 40.4(b). See e.g., *Williams v. Walsh Construction*, No. 05 C 6807, 2007 WL 178309, *1 (N.D. Ill. Jan. 16, 2007). Under LR 40.4(a), "[t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same." *Id.* at *2 (quoting LR 40.4(a)) (emphasis added).

"Once the cases are determined to be related under LR 40.4(a), LR 40.4(b) requires more stringent criteria for the case to qualify for reassignment." Id. (citing *Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 846, 848 (N.D. Ill. 1999)). "LR 40.4(b) requires that to be reassigned: '(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) <u>the cases are susceptible of disposition in a single proceeding</u>.' " Id. (quoting LR 40.4(b)) (emphasis added). Additionally,

> Under 40.4(b)(2), the judicial savings must be substantial; a mere assertion that some judicial time and effort would be saved by reassignment is insufficient. Likewise, if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings. Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant.

Id. (internal citations omitted).

LR 40.4(c) requires that a motion to reassign "(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a) and (2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." Id. (quoting LR 40.4(c)). "These provisions 'impose an obligation on the moving party to specifically identify why each of the four conditions under LR 40.4(b) is met.' " Id. (quoting *Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined Contribution Retirement Fund v. Joseph/Anthony, Inc.*, 2004 WL 1631646 at *3 (N.D. Ill. July 16, 2004)). "Thus, a motion for reassignment may be denied if a party fails to sufficiently plead each of 40.4(b)'s requirements." Id. (quoting *Machinery Movers*, 2004 WL 1631646 at *3)).

3

## Legal Discussion

I. **THE CASES AT ISSUE DO NOT MEET THE DEFINITION OF RELATEDNESS.**

Defendant's motions are premised on the proposition that the cases are related because they involve "the same issues of law and are brought against the same Defendant." See e.g., Defendant Corus Bank, N.A.'s Motion to Reassign Cases as Related ("*Motion*") at ¶ 4.[2]

However, the plain language of LR 40.4(a) allows a finding of relatedness in class actions in a single instance, *i.e.*, if "one or more of the classes involved in the cases is or are the same." LR 40.4(a)(4). In this case, the putative classes in each case (*Stone*, *Rodriguez* and *Kistner*) are all different – they each involve different time periods, different class members, and different ATMs at different branch locations which, incidentally, are likely staffed and managed by different personnel.

Accordingly, these class actions are not related pursuant to LR 40.4(a)(4). Indeed, the only logical interpretation of LR 40.4(a) is that LR 40.4(a)(4) can be the only provision applicable in the class context, because it would otherwise be superfluous. Statutory construction principles require avoiding a construction that renders any provision superfluous.[3] For Defendant to claim "one or more of the classes involved in the cases is or are the same," it would have to concede that the class alleged in the *Stone* complaint covers the same class members as in the *Rodriguez* and the *Kistner* complaints. First and most importantly, the classes

---

[2] Defendant filed nearly identical motions with the same title, the first (*Rodriguez*) on May 12, 2008 and the second (*Kistner*) on May 19, 2008. In each case, the substantive allegations are the same, as is the paragraph numbering. For this particular citation, the reference is to the first paragraph 4, of which there are two in each motion.

[3] *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'") (*quoting Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)).

are not defined to overlap and, as Plaintiffs are the masters of their own complaints, Defendant cannot rewrite the allegations to suit its aims. But further, even if the Defendant were to rewrite the allegations of the three complaints, it would have to first concede that Mr. Stone has standing to bring a class action for actual and statutory damages on behalf of all the putative class members in the *Rodriguez* and the *Kistner* actions, and for that matter, any other class action against Corus for EFTA violations at any other ATM. Without such a concession, the cases are not "susceptible of disposition in a single proceeding," as set forth in LR 40.4(b).

Because Defendant has not established that *Stone*, *Rodriguez* and *Kistner* meet the definition of relatedness pursuant to LR 40.4(a)(4), this Court should deny Defendant's motions.

## II.     THE CASES AT ISSUE DO NOT MEET THE PREREQUISITES FOR REASSIGNMENT.

Even if this Court were to define the cases at issue as "related," Defendant fails to meet its burden of showing that the cases qualify for reassignment. Plaintiff does not dispute that each case is pending in this Court or that reassignment would not substantially delay the progress of the cases. However, Defendant has not demonstrated, as is its burden, that reassignment would likely result in substantial saving of judicial time and effort <u>and</u> that the cases are susceptible of disposition in a single proceeding.

### A.     Reassignment Would Not Result In Substantial Judicial Savings.

Notwithstanding its burden to state with specificity how each requirement of LR 40.4(b) is established, Defendant alleges only in conclusory fashion that reassignment would likely result in substantial savings of judicial time and effort. *Motion* at ¶ 6. Each case involves the same legal theory (violation of the EFTA for failing to post a fee notice on ATMs), but it is not clear at this point that any discovery will be reduced by reassignment.

5

In each case, the discovery sought will be different. For example, under the EFTA, to obtain a determination of liability, Plaintiff will need to explore "the extent to which the noncompliance was intentional."[4] As a result, Plaintiff will be taking the depositions of the branch management personal to determine if any of them had actual knowledge of the non-compliance during the class period. Because each ATM is located at a different branch location, the bank personnel responsible for ATM issues at each branch will also differ, resulting in the need for different depositions in each case. There is no reason to believe that the number of depositions would be streamlined if the cases were reassigned any more so than if the parties stipulated to the use of deposition transcripts in one or more of the cases if the personnel deposed end up overlapping in some fashion. Plaintiff will also be seeking information as to the users and number of transactions at the branch ATM at issue in the particular case. The *Stone*, *Rodriguez*, and *Kistner* cases involve varied numbers of transactions and different users.

Further, Defendant highlights Plaintiff's point of varying discovery for each case with at least two of its affirmative defenses. First, Defendant alleges in its Second Affirmative Defense that any EFTA violation was unintentional and was the result of a bona fide error. See Answer and Affirmative Defenses to Class Action Complaint ("*Answer*") at p. 8. This is likely the critical piece of evidence in this case, but Defendant does not allege that its EFTA compliance practices and oversight are centralized, as opposed to being determined on a branch-by-branch basis. See e.g., *Donahue v. Elgin Riverboat Resort*, 2004 WL 2495642, *1 (N.D. Ill. Sept. 28, 2004) (denying reassignment motion in employment discrimination context, because hiring process was decentralized and subjective and each decision rested on a unique set of facts).

---

[4] 15 U.S.C. § 1693m(b) states, "(2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional."

6

Additionally, the "bona fide errors" alleged by Defendant are unidentified, so unknown at this point is whether such errors were branch-specific or whether they apply to the bank as a whole. To the extent discovery relating to each ATM location is necessary, the instant case would be unnecessarily burdened by overseeing discovery in the *Rodriguez* and *Kistner*, which is the opposite of substantial judicial savings.[5]

Second, Defendant alleges in its Fourth Affirmative Defense that Plaintiff's claims are barred by laches. See *Answer* at p. 9. Aside from being a nonsense argument for cases filed closely in time to the alleged violations, such a defense requires specific discovery in each case as to the particular plaintiff. The facts relating to a laches defense in the instant case are different than the facts for *Rodriguez* or *Kistner*.

Moreover, the classes are different, and mutually-exclusive, in each case, so this Court would still have to preside over separate trials. Notice to the putative classes will vary as well because targeted publication notices, for example, will differ depending on the location of the ATM.

### B.    The Cases Cannot Be Disposed Of In A Single Proceeding.

Defendant's contention that each case can be disposed of in a single proceeding, *Motion* at ¶ 8, is premised on three irrelevant bases and one that is purely false. Plaintiff concedes that these cases are based on the same legal theory (violation of the EFTA) and are directed at the same Defendant, but those are irrelevant to the "single proceeding" factor, which must be met prior to reassignment. Similarly, the factual allegations differ in each case because each complaint alleges facts related to the use of a specific ATM.

---

[5]    To the extent any discovery may overlap, as noted above, if evidence turns out to be applicable to more than one case, the parties can stipulate to its admissibility in each case, which can be done without reassignment.

Notwithstanding its burden to specify how each LR 40.4(b) factor is met, Defendant does not identify how the factual allegations are identical and does not identify how each case seeks identical relief. The discussion should end there, because Defendant has not carried its burden, see e.g., *Williams*, 2007 WL 178309 at *2 (holding that "a motion for reassignment may be denied if a party fails to sufficiently plead each of 40.4(b)'s requirements" specifically). Additionally, however, the complaints in each case clearly spell out different factual allegations and, more importantly, relate to different classes.

A fatal flaw in Defendant's request for reassignment is the fact that each case is brought on behalf of different classes. Disposition of the instant case does not, and cannot, dispose of either *Rodriguez* or *Kistner*.[6] This is fundamentally so, because each case is brought on behalf of the users of only particular ATMs (one for each case). If Plaintiff wins his case here, the class members in *Rodriguez* and *Kistner* would get nothing and vice versa. If Plaintiff loses his case here, both *Rodriguez* and *Kistner* remain viable cases. Therefore, these cases simply cannot be disposed of in a single proceeding, and Defendant has not cited any authority or even argued a reason how it would be possible to dispose of mutually-exclusive classes in a single lawsuit.[7]

## Conclusion

Because Defendant has failed to meet its burden in establishing that these cases meet the definition of "related" pursuant to LR 40.4(a) and that each prerequisite of LR 40.4(b) has been met, this Court should deny Defendant's motions for reassignment for relatedness. To the extent Court speculates that some common discovery among the cases may exist, it should follow the

---

[6] If Defendant agrees that Plaintiff Stone has standing to proceed on behalf of all users of all 19 of Defendant's 22 ATMs that failed to comply with EFTA and concedes class certification on that basis, Plaintiff would be willing to revisit this issue.

[7] Compare *Murry v. America's Mortgage Banc, Inc.*, No. 03 C 5811, 2004 WL 407010, *2 (N.D. Ill. Mar. 1, 2004) (reassigning later-filed class action case because one of the classes in an earlier-filed class action case included the entire class of the later-filed case).

lead of Judge Kennelly in *Brieger v. Tellabs, Inc.*, 434 F. Supp. 2d 567, 570 (N.D. Ill. 2006) (finding that "[t]he fact that there is a good deal of common discovery in the cases would not, in this Court's view at least, call for departing from the norm in this District-assignment of cases by lot. Rather, the appropriate course, assuming coordinated discovery is considered appropriate, would be reassignment for purposes of discovery coordination only, pursuant to N.D. Ill. IOP 13(e).") (internal citation omitted).

                                                  THOMAS STONE, Plaintiff,

                                                  By: /s/ Lance A. Raphael
                                                  One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
Phone: (312) 782-5808
Fax: (312) 377-9930