**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.  1:08-cv-01746 |
| v. | Judge Bucklo |
| CORUS BANK, N.A., | Mag. Judge Denlow |
| Defendant. | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO REASSIGN CASES AS RELATED

Counsel for the Plaintiff has filed three actions against Corus Bank, N.A. ("Corus") alleging identical violations of the EFTA, 15 U.S.C. §1693 *et seq*., and Regulation E, 12 C.F.R. § 205.1 *et seq*.  The Complaints are identical--the only differences between them involving the ministerial replacement of the name of the putative Lead Plaintiff and the identification of the automated teller machine ("ATM") at the crux of the dispute.  For the following reasons, Corus requests that this Court grant its Motion to Reassign Cases as Related.

First, as stated to the Court at oral argument, Corus consents to the certification of a single statutory damages class against it (and has filed contemporaneously herewith its formal consent), encompassing all ATMs alleged to have carried deficient signage and all customers who were charged a transaction fee at those ATMs.  Thus, Plaintiff's central opposition to this Motion has been obviated, and the Motion should be granted.

Second, and regardless of Corus' consent to certification, these actions should be reassigned as related because they present identical issues of fact and law.  In order to avoid the

needless and wasteful expenditure of resources that would inure if the parties were to submit

three largely identical sets of briefs, and to avoid the danger of inconsistent judgments, among

other reasons, this Court should grant Corus' motion to reassign these actions as related.

## ARGUMENT

### I.    CORUS' CONSENT TO CERTIFICATION OF A SINGLE STATUTORY DAMAGES CLASS MOOTS PLAINTIFF'S OPPOSITION

Corus has admitted that, as Plaintiff alleges, it did not post an external fee notice at the

automated teller machine ("ATM") that is the subject of this action, and did not post an external

fee notice at those ATMs forming the basis for suit in *Rodriguez v. Corus Bank, N.A.*, 08-cv-

2254, and *Kistner v. Corus Bank, N.A.*, 08-cv-02797.  Beyond Plaintiff's claims in these actions,

Corus has admitted that during the putative class period, nineteen of its ATMs did not have the

external signage.  As Corus has acknowledged that it did not post the external signage, and

because it does not wish to waste judicial resources or the parties' efforts by contesting issues

that are not in dispute, Corus consents to the certification of a single class against it for purposes

of the statutory damages cap of 15 U.S.C. § 1693(m).  *See Defendant Corus Bank, N.A.'s*

*Consent to Certification of a Statutory Damages Class*, dated June 19, 2008.[1]

Corus' consent to proceed in this manner is dispositive of this Motion.  Although Plaintiff

has protested that "[a] fatal flaw in Defendant's request for reassignment is the fact that each

case is brought on behalf of different classes," *see* Opp. at 8, this argument is baseless in light of

---

[1] As stated at Oral Argument on this Motion, Corus disputes the existence of actual damages and the propriety of class certification for actual damages.  Although Corus will oppose the certification of an actual damages class on the grounds, among others, that individual questions of causation, injury, and damage predominate over any issues that might be common, Corus contends that all ATMs without signage and all customers charged a transaction fee relating to those ATMs would constitute a single class for actual damages if one is to be certified.

Corus' consent.  Furthermore, Corus' consent to certification of a single statutory damages class

will undoubtedly allow disposition in a single proceeding, as Plaintiffs expressly concede.[2]

Plaintiffs also make the peculiar argument that reassignment would not result in

substantial judicial savings, as "it is not clear at this point that any discovery will be reduced by

assignment." *See* Opp. at 5.   First, and again in light of Corus' consent to the certification of a

single statutory damages class against it, this argument is moot.  Second, even if Corus had not

consented to certification of a statutory damages class, Plaintiffs' argument is belied by the fact

that Plaintiff has already requested, and Corus is responding to, discovery in connection with all

of the nineteen ATMs that did not carry the external signage during the relevant period.  *See*

Plaintiff's First Set of Written Discovery Requests (Ex. A to Reply Memorandum of Law in

Support of Defendant's Motion to Reassign Cases As Related).  Plaintiffs' arguments against

reassignment therefore fail.

## II.    THESE CASES ARE RELATED AND MEET THE PREREQUISITES FOR REASSIGNMENT

### A.    The Cases At Issue Meet the Definition of Relatedness

Under Local Rule 40.4(a), "two or more civil cases may be related if one or more of the

following conditions are met: (1) the cases involve the same property; (2) the cases involve some

of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same."  As

applied in this District, "only one of the [conditions contained in LR 40.4(a)] must be met to

---

[2] Plaintiff states that "[i]f Defendant agrees that Plaintiff Stone has standing to proceed on behalf of all users of all 19 of Defendant's 22 ATMs that failed to comply with the EFTA and concedes class certification on that basis, Plaintiff would be willing to revisit this issue." *See* Opp. at 8, n. 6.

satisfy LR 40.4(a)." *See Williams v. Walsh Construction*, No. 05 C 6807, 2007 WL 178309 at *1 (N.D. Ill. Jan. 16, 2007).  Here, all of the relevant conditions for reassignment have been met. [3]

First, in connection with the basis for reassignment contained in LR 40.4(a)(2), when the "resolution of [all] disputes necessarily requires the determination of the same defendant's actions under the same statutes and regulations," reassignment on the basis of relatedness is proper.  *See Murry v. America's Mortgage Banc,* No. 03 C 5811, 2004 WL 407010 at *2 (N.D. Ill. Mar. 1, 2004); *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277 at *2 (N.D. Ill. Nov. 25, 2002) (when separate pending cases involved the legality (under TILA and the ICFA) of the defendant's practice of requiring borrowers to sign non-rescission "confirmations," the cases were properly reassigned). [4]  Indeed, by requiring only that "some" of the same issues of fact or law be involved, LR 40.4 does not even require complete identity of legal issues for reassignment on the basis of relatedness.  *See id.*  Accordingly, where, as here, there is a complete identity of legal issues, reassignment is clearly mandated.

Second, LR 40.4(a)(3) permits reassignment when cases arise from the same "transaction or occurrence."  Again, these cases arise from a single regulatory failure regarding the placement of external signage on or at Corus' ATMs.  Corus has already informed the Court that it will not

---

[3] At oral argument on this Motion, Plaintiff represented that his opposition to reassignment rested on the case of *Polo v. Goodings,* 232 F.R.D. 399, 406 (M.D. Fla. 2004). Plaintiff's counsel stated that "[t]here's a case called Polo versus Goodings where I was the class plaintiff, the class plaintiff's lawyer, and I sued two or three locations in one lawsuit, and both the magistrate and then the federal judge denied certification on that large class because they said each location has different types of procedures in place."  *See* Tr. at 11:1-6.  However, that case turned on the *identity* of the ATM operators, included different Fee Notices, and purported to be filed on behalf of users of more than 15,000 ATMs across the nation.  *Polo* is therefore inapposite to the circumstances at hand.  That is perhaps why Plaintiff did not even cite the case in his response.

[4] This was determined, in part, due to the Seventh Circuit's criticism of similar TILA and ICFA-related lawsuits being allowed to "proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals."  *See Fairbanks*, No. 02 C 3930, 2002 WL 31655277 at *2; *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n* (7th Cir. 1999). When faced with multiple appeals from suits alleging identical violations of TILA, the Seventh Circuit stated that "[a]ll of these cases were filed by a single law firm, on behalf of a stable of clients most of whom have joined multiple suits.  For reasons that we have been unable to discover, the Northern District of Illinois, in which these suits were filed, did not consolidate them before a single judge, even though the issues and parties have substantial overlap.  Our court can do better."

raise, nor does it possess, any individual defenses for separate ATMs (such as the removal of signage by a third party). *See* Tr. at 17:3-8. Therefore, these cases stem from the same "transaction or occurrence" and must be deemed related under LR 40.4(a)(3).

Third, in connection with LR 40.4 (a)(4), the condition that "one or more of the classes involved in the cases is or are the same" has been satisfied because, as stated previously, Corus has consented to the certification of a single statutory damages class. Even absent Corus' consent to certification, separate class actions may still be reassigned when the other criteria identified by the Rule are met. *See Kessler v. American Resorts International's Holiday Network, Ltd.*, Nos. 05 C 5944, 07 C 2439, 2007 WL 4105204 at *4 (N.D. Ill. Nov. 14, 2007) (where two separate certified classes (one preliminarily certified for settlement) had sued the same defendant over the same alleged events, reassignment was proper). Therefore, on the basis of LR 40.4(a)(4) as well, these cases are related.

**B.     The Cases At Issue Meet the Prerequisites for Reassignment**

Once one of the enumerated grounds for relatedness under Local Rule 40.4(a) has been satisfied, each of the criteria set forth in LR 40.4(b) must be met. Specifically, (1) all cases must be pending in this District; (2) a substantial savings of judicial time and effort must be likely to result from the reassignment of the cases to a single judge; (3) the earlier-filed case must be at a point where designating a later-filed case as related would not be likely to substantially delay the proceedings in the earlier case, and (4) the cases must be susceptible to disposition in a single proceeding. *See* LR 40.4(b); *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142 at * 3 (N.D. Ill. Apr. 23, 2008). Here, Plaintiff "does not dispute that each case is pending in this Court or that reassignment would not substantially delay the progress

of the cases," *see* Opp. at 5; accordingly, Corus will analyze only the second and fourth requirements.

As to LR 40.4(b)(2), Corus has consented to the certification of a single statutory damages class. Consequently, it is clear beyond dispute that a substantial savings of judicial time and effort would inure after reassignment of these cases. When none of the actions that are the subject of a motion to reassign may be disposed of without the analysis of a central legal issue or issues, "reassignment of all of the cases to [one judge] will permit these issues to be briefed and determined once, rather than [multiple times], which will result in a substantial saving of judicial time and effort—not to mention a substantial saving of the parties' and their counsels' time and effort." *See Fairbanks Capital Corp.*, No. 02 C 3930, 2002 WL 31655277 at *2 (also stating that "[t]he overall administration of justice will likewise be enhanced by having a single judge determine this issue in [all] cases.")

The economies to be achieved can already be seen on the discovery front, where both parties have submitted issued identical disclosures in the *Stone* and *Rodriguez* actions pursuant to Fed. R. Civ. P. 26(a)(1). *See* Ex. B to Reply Memorandum of Law in Support of Defendant's Motion to Reassign Cases As Related. Although Plaintiff makes the half-hearted contention that judicial economies will not necessarily be enhanced by reassignment because "it is not clear at this point that any discovery will be reduced," the fact of the matter is that Plaintiff has served, and Defendant has responded to, written discovery requests in connection with all nineteen ATMs that did not carry the external signage. *See* Ex. A to Reply Memorandum of Law in Support of Defendant's Motion to Reassign Cases As Related.

As to the requirement of LR 40.4(b)(4), because Corus has consented to the certification of a single statutory damages class, it is axiomatic that these cases are capable of disposition in a

single proceeding.  Even without Corus' consent, however, the condition for reassignment contained in LR 40.4(b)(4) would still be met.  This is because "Rule 42 of the Federal Rules of Civil Procedure [amongst other authority] encourage[s] consolidation of [class actions arising from the "same core of facts"] into a single proceeding"; moreover, "it is clear that [such cases] are susceptible of disposition in a single proceeding."  *See Teacher's Retirement System of Louisiana v. Black*, No. 04 C 834, 2004 WL 1244236 at *2 (N.D. Ill. Jun. 3, 2004); *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642 at *2 (N.D. Ill. Sept. 28, 2004) (when resolution of the common issue between putative classes in separate actions would be "outcome-determinative of the same issue in the other cases," the cases are susceptible of determination in a single proceeding).

As with the other requirements of LR 40.4, there can be no legitimate dispute that the issues in these cases are susceptible to solution in a single proceeding.

## **CONCLUSION**

For all of these reasons, Corus respectfully requests that this Court reassign *Rodriguez v. Corus Bank, N.A.*, 08-cv-2254, and *Kistner v. Corus Bank, N.A.*, 08-cv-02797 as related, pursuant to Local Rule 40.4.

Dated: June 19, 2008                         Respectfully submitted,


                                             */s/ James R. Daly*
                                             James R. Daly
                                             Matthew E. Szwajkowski
                                             JONES DAY
                                             77 West Wacker, Suite 3500
                                             Chicago, Illinois 60601
                                             Telephone: (312) 782-3939
                                             Fax: (312) 782-8585

                                             Attorneys for Defendant,
                                             CORUS BANK, N.A.

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew E. Szwajkowski, an attorney, certify that on June 19, 2008, I served Defendant Corus Bank, N.A.'s **Reply Memorandum of Law in Support of Defendant's Motion to Reassign As Related** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:

    Lance A. Raphael
    Stacy M. Bardo
    Allison Krumhorn
    The Consumer Advocacy Center, P.C.
    180 W. Washington St., Ste. 700
    Chicago, IL 60602
    lance@caclawyers.com

*/s/ Matthew E. Szwajkowski*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THOMAS STONE,                              )
                                           )    Case No.       08 C 1746
                         Plaintiff,        )
                                           )    Judge Bucklo
           v.                              )
                                           )    Magistrate Judge Denlow
CORUS BANK, N.A.,                          )
                                           )
                         Defendant.        )

**PLAINTIFF'S FIRST SET OF WRITTEN
DISCOVERY REQUESTS (INTERROGATORIES, REQUESTS
FOR PRODUCTION AND REQUESTS FOR ADMISSIONS OF FACT)**

Plaintiff Thomas Stone ("Plaintiff") requests that Corus Bank, n.a. ("Defendant") answer the following interrogatories, requests for production and requests for admissions of fact in the manner and within the time stated in Fed. R. Civ. P. 33, 34 and 36 or otherwise ordered by the Court.

**Definitions**

As used herein, the words and phrases set out below have the following meanings:

1. "ATM" shall mean the automated teller machine number S862010 located at Corus Bank, 530 Torrence, Calumet City, IL.

2. "ATM Fee" shall mean a fee imposed on any consumer for providing host transfer services to such consumer, as contemplated by the EFTA, 15 U.S.C. § 1693b(d)(3)(A), and Reg E, 12 C.F.R. § 205.16(b), at an automated teller machine.

3. "Stone" shall mean plaintiff Thomas Stone and her present and former attorneys, agents, accountants, advisors, representatives and any other person acting or purporting to act on his behalf.

4. "Complaint" shall mean the most-recently filed complaint in this lawsuit.

5. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

6. "Defendant", "You" and/or "Your" shall mean defendant Corus Bank, n.a. and its present and former attorneys, officers, directors, managers, members, employees, agents, accountants, advisors, parents, subsidiaries, representatives, and any other person acting or purporting to act on its behalf.

7. "Document" or "documents" shall mean every original, and every copy of any original or copy which differs in any way from any original, of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, letters, facsimile transmissions, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, data contained in computers, computer disks or diskettes, data sheets, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, studies, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders or acknowledgments, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records, maps, plats, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, electronic mail, voicemail, telegrams, telexes, cables, memoranda, notes, notebooks, worksheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records of personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accounting of any kind, work papers and transcripts, and generally should be given the broadest possible meaning under the Federal Rules of Civil Procedure.

8. "The EFTA" shall mean the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*

9. "Employee" shall mean, in addition to an actual employee, any form of representative, consultant, engineer, agent, consulting agent or independent contractor or any other person acting, or purporting to act, on behalf of the "employer" or principal.

10. "Fee Notice" shall mean the notice required by the EFTA, 15 U.S.C. § 1693b(d)(3)(B)(i), and Reg E, 12 C.F.R. § 205.16(c)(1).

11. "Identify" shall mean:

    (a)    as to an individual, stating his or her:

        (1)    full name customarily used at the present time and any other full names;

        (2)    present or last known residence address; and

       (3)     name and address of his or her current employer, current employer's business, and job title, status or classification with current employer.

   (b)     as to any person other than an individual, stating:

       (1)     its legal name and any other names used by it; and
       (2)     the form or manner of its organization (e.g., partnership, corporation, sole proprietorship, etc.).

   (c)     as to a conversation, stating:

       (1)     the persons who were involved in the conversation;
       (2)     all persons who were present when the conversation took place;
       (3)     where the conversation occurred;
       (4)     when the conversation occurred;
       (5)     the general topic or topics of the conversation; and
       (6)     as close to verbatim as possible the conversation.

12. "Oral communication" shall mean any utterance heard by another person, whether in person, by telephone, or otherwise, as well as all mechanical or electronic sound recordings or transcripts thereof.

13. "Person" or "persons" shall mean, without limiting the generality of its meaning, every natural person, corporate entity, partnership, sole proprietorship, limited liability company, joint venture, association, trust or any other business, social, political or governmental organization, entity or arrangement of whatever nature, whether real, juridical, incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons," or otherwise encompassed within this definition.

14. "Plaintiff" shall mean Stone.

15. "Reg E" shall mean Regulation E, 12 C.F.R. § 205.1, *et seq.*

16. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, identifying, referring to, pertaining to, being connected with, or reflecting upon a stated subject matter.

17. "Subject Branch" shall mean the branch office of Corus Bank, n.a. located at 530 Torrence, Calumet City, IL.

18. "Written communication" shall mean any document that conveys a thought, message or any other information, including, but not limited to letters, memoranda, reports, invoices, purchase orders and electronic transmissions.

## Instructions

In construing these requests:

1. The singular shall include the plural and the plural shall include the singular.

2. A masculine, feminine or neuter pronoun shall not exclude the other genders.

3. "And" as well as "or" shall be construed either disjunctively, or conjunctively, as necessary to bring within the scope of a request any document that would otherwise be construed as outside the scope of a request and to bring within the scope of an interrogatory any information that would otherwise be construed as outside the scope of a request.

4. With respect to any documents which are withheld on any claim of privilege, you are requested to provide the following information as to each such document:

   (a) the date appearing on the document, or if no such date appears, the date on which the document was created;

   (b) the name of its author, or the addresser and/or sender in the case of letters, office memoranda, or correspondence;

   (c) the name of the person to whom the document was sent;

   (d) its type (e.g. letter, memorandum, etc.), nature (e.g., typewritten, long-hand, etc.) and number of pages; and

   (e) a brief description of the subject matter of the documents.

5. All objections or answers that fail or refuse to respond fully to any request on the ground of any claim or privilege of any kind whatever shall:

   (a) state the nature of the claim of privilege and the facts relied upon in support of the claim of privilege;

   (b) identify all documents related to the claim of privilege; and

   (c) identify all persons having knowledge of any facts relating to the claim of privilege.

## Time Period Covered By This Request

Unless otherwise specifically indicated, each of the following requests information for the period three (3) years prior to the date on which this case was filed through the date on which they are answered, with a continuing duty to supplement.

## Interrogatories

**Interrogatory No. 1:**        Identify the person(s) who provided information in responding to these interrogatories and the separate requests for admissions of fact, and identify the particular interrogatory(ies) and/or request(s) for admission of fact for which each person provided information.

**Answer:**

**Interrogatory No. 2:**        Identify each person with whom Defendant has consulted relating to its pending dispute with Plaintiff.

**Answer:**

**Interrogatory No. 3:**        Identify each person with knowledge relating to the claims in the Complaint and/or defenses thereto and for each person, identify the subject(s) on which each person has knowledge.

**Answer:**

**Interrogatory No. 4:**        State the factual basis, in detail, for Defendant's denial of liability to Plaintiff in this case.

**Answer:**

**Interrogatory No. 5:**        State the factual basis, in detail, for Defendant's denial that Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, should be certified.

**Answer:**

**Interrogatory No. 6:**        For the time period subsequent to March 26, 2008, identify whether, and if so when, Defendant installed, removed, altered and/or modified a Fee Notice on the ATM and, if so, identify the circumstances that lead to the decision to install, remove, alter or modify a Fee Notice and the process for installing, removing, altering and/or modifying the Fee Notice.

**Answer:**

**Interrogatory No. 7:**          For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, identify all transactions by date, time, type and ATM Fee amount (if any) charged for use of the ATM.

**Answer:**

**Interrogatory No. 8:** For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, identify the number of transactions for which Defendant charged an ATM Fee for use of the ATM.

**Answer:**

**Interrogatory No. 9:** State the date(s) on which you installed the ATM.

**Answer:**

**Interrogatory No. 10:**          State the date(s) on which you inspected the ATM for compliance with the EFTA and/or Reg E.

**Answer:**

**Interrogatory No. 11:**          State, in detail, your procedures, if any, for verifying that the ATM is compliant with the EFTA (as related only to Fee Notices) and/or Reg E (as related only to Fee Notices) and identify any modifications to those procedures within the past year.

**Answer:**

**Interrogatory No. 12:**          Identify all automated teller machines operated by you, if any, that did not, at any time since March 26, 2007, have a Fee Notice.

**Answer:**

**Interrogatory No. 13:**          Identify all oral and written communications related to Fee Notices on any automated teller machine operated by you since March 26, 2007.

**Answer:**

**Interrogatory No. 14:**          Identify each person with any responsibility for posting, verifying and/or maintaining notices, including Fee Notices, on the ATM.

**Answer:**

**Interrogatory No. 15:**          State your net worth.

6

**Answer:**

**Interrogatory No. 16:**    Identify all employees of Defendant that have worked at the Subject Branch at any time during the period March 26, 2005 through March 26, 2008, including the dates of hire by, and separation from, Defendant.

**Answer:**

**Interrogatory No. 17:**    Identify which of the employees, if any, identified in response to Interrogatory No. 16 have ever used the ATM during the period March 26, 2005 through March 26, 2008.

**Answer:**

**Interrogatory No. 18:**    Identify which of the employees, if any, identified in response to Interrogatory No. 16 saw the ATM during the period March 26, 2005 through March 26, 2008.

**Answer:**

**Interrogatory No. 19:**    Identify each person whom you expect to call at trial and state the subject matter on which such person is expected to testify.

**Answer:**

## Requests to Produce

1.    All documents related to Plaintiff.

2.    All documents consulted in responding to these Written Discovery Requests.

3.    All photographs and videos of the ATM.

4.    All photographs and videos of any automated teller machine operated by you since March 26, 2005.

5.    Copies of all Fee Notices on the ATM.

6.    Copies of all transaction records showing use of the ATM by employees of Defendant that have worked at the Subject Branch at any time during the period March 26, 2005 through March 26, 2008.

7.    Copies of each different form Fee Notice used on your automated teller machines.

8.    For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be

charged for using the ATM, all documents identifying all transactions by date, time, type and ATM Fee amount (if any) charged for use of the ATM.

9.     For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, all documents identifying the number of transactions for which Defendant charged an ATM Fee for use of the ATM.

10.     All records related to the installation, inspection, cleaning, maintenance, modification or replacement of the ATM.

11.     All documents related to your outsourcing, if any, of the installation, inspection, cleaning, maintenance, modification and/or replacement of the ATM.

12.     All documents related to Fee Notices on any automated teller machine operated by you since March 26, 2005.

13.     All documents related to the installation, inspection, cleaning, maintenance, modification or replacement of any automated teller machine operated by you since March 26, 2005.

14.     All documents related to your outsourcing, if any, of the installation, inspection, cleaning maintenance, modification and/or replacement of any automated teller machine operated by you since March 26, 2005.

15.     All documents supporting your denial of liability in this case.

16.     All documents supporting your denial that Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, should be certified.

17.     All documents related to your procedures, if any, for verifying compliance with the EFTA (as related only to Fee Notices) and/or Reg E (as related only to Fee Notices).

18.     All documents related to all, if any, complaints, demands, claims, actions and/or investigations against you alleging a violation(s) of the EFTA (as related only to Fee Notices) and/or Reg E (as related only to Fee Notices).

19.     All documents identifying your net worth.

20.     All exhibits you intend to use at trial.

21.     All documents related to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment, if any, that may be entered against you in this case.

22.    All documents related to any indemnification and/or contribution agreement under which any person may be liable to indemnify you, in whole or in part, or contribute to you for payments made to satisfy a judgment, if any, that may be entered against you in this case.

### Requests For Admission

**Request for Admission No. 1:**    On December 28, 2007, you had a policy of charging an ATM Fee for use of the ATM with a debit or credit card not issued by you.

**Response:**

**Request for Admission No. 2:**    You are the operator of the ATM.

**Response:**

**Request for Admission No. 3:**    From the date the ATM was installed through March 26, 2008, you were the operator of the ATM.

**Response:**

**Request for Admission No. 4:**    Prior to December 28, 2007, you had not posted a Fee Notice on the ATM.

**Response:**

**Request for Admission No. 5:**    Prior to March 26, 2008, you had not posted a Fee Notice on the ATM.

**Response:**

**Request for Admission No. 6:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the ATM.

**Response:**

**Request for Admission No. 7:**    Prior to March 26, 2008, you had no procedures implemented to verify compliance with 15 U.S.C. § 1693b(d)(3)(B)(i) as related to the ATM.

**Response:**

**Request for Admission No. 8:**    Prior to March 26, 2008, you had no procedures implemented to verify compliance with 15 U.S.C. § 1693b(d)(3)(B)(i) as related to any automated teller machine operated by you.

**Response:**

**Request for Admission No. 9:**    On March 26, 2008, your net worth exceeded $50,000,000.

**Response:**

**Request for Admission No. 10:**    During the year prior to March 26, 2008, you did not comply with 15 U.S.C. § 1693b(d)(3)(B)(i) as related to the ATM.

**Response:**

**Request for Admission No. 11:**    During the year prior to March 26, 2008, you did not comply with 12 C.F.R. § 205.16(c)(1) as related to the ATM.

**Response:**

**Request for Admission No. 12:**    During the year prior to March 26, 2008, you charged more than 100 users of the ATM an ATM Fee.

**Response:**

**Request for Admission No. 13:**    During the year prior to March 26, 2008, you charged more than 100 users of the ATM an ATM fee during a time when there was not a Fee Notice posted on the ATM.

**Response:**

**Request for Admission No. 14:**    The number of putative class members in Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, is so numerous that joinder of all putative class members is impracticable.

**Response:**

**Request for Admission No. 15:**    The number of putative class members in Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, satisfies the numerosity requirement of Federal Rule of Civil Procedure 23.

**Response:**

**Request for Admission No. 16:**    The questions of law and fact affecting Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, are common to all putative members of Class.

**Response:**

**Request for Admission No. 17:**    The questions of law and fact affecting Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, predominate over any questions affecting only individual putative members of Class.

**Response:**

**Request for Admission No. 18:**    Plaintiff's claims are typical of the putative members of Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint in this case.

**Response:**

**Request for Admission No. 19:**    Plaintiff is an adequate class representative for Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint.

**Response:**

**Request for Admission No. 20:**    You have no evidence that Plaintiff is not an adequate class representative for Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint.

**Response:**

**Request for Admission No. 21:**    Plaintiff's counsel in this case is adequate class counsel.

**Response:**

**Request for Admission No. 22:**    You have no evidence that Plaintiff's counsel in this case is not adequate class counsel.

**Response:**

**Request for Admission No. 23:**    From the date the ATM was installed through March 26, 2008, one or more of your employees saw the ATM each day that you were open for business.

**Response:**

**Request for Admission No. 24:**    From the date the ATM was installed through March 26, 2008, one or more of your employees saw the ATM each month that you were open for business.

**Response:**

**Request for Admission No. 25:**    During the year prior to March 26, 2008, one or more of your employees used the ATM each month that you were open for business.

**Response:**

**Request for Admission No. 26:**    From the date the ATM was installed through March 26, 2008, one or more of your officers saw the ATM each day that you were open for business.

**Response:**

**Request for Admission No. 27:**    From the date the ATM was installed through March 26, 2008, one or more of your officers saw the ATM each month that you were open for business.

**Response:**

**Request for Admission No. 28:**    During the year prior to March 26, 2008, one or more of your officers used the ATM each month that you were open for business.

**Response:**

**Request for Admission No. 29:**    The document attached hereto as **Exhibit A** accurately reflects each automated teller machine operated by you during the period March 26, 2007 through March 26, 2008.

**Response:**

**Request for Admission No. 30:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Calumet City Branch, 925 Burnham, Calumet City, IL.

**Response:**

**Request for Admission No. 31:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Lobby" automated teller machine at your Downtown Branch, 10 South Riverside, Chicago, IL.

**Response:**

**Request for Admission No. 32:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Street" automated teller machine at your Downtown Branch, 10 South Riverside, Chicago, IL.

**Response:**

**Request for Admission No. 33:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Lakeview Branch, 3179 North Clark, Chicago, IL.

**Response:**

**Request for Admission No. 34:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Lakeview Branch, 3179 North Clark, Chicago, IL.

**Response:**

**Request for Admission No. 35:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Street" automated teller machine at your Lakeview Branch, 3179 North Clark, Chicago, IL.

**Response:**

**Request for Admission No. 36:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Lincoln Park Branch, 2401 North Halsted, Chicago, IL.

**Response:**

**Request for Admission No. 37:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Lincoln Park Branch, 2401 North Halsted, Chicago, IL.

**Response:**

**Request for Admission No. 38:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Lincoln Square Branch, 2420 West Lawrence, Chicago, IL.

**Response:**

**Request for Admission No. 39:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Lobby" automated teller machine at your Lincoln Square Branch, 2420 West Lawrence, Chicago, IL.

**Response:**

**Request for Admission No. 40:**   From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Niles Branch, 9190 West Golf Road, Niles, IL.

**Response:**

**Request for Admission No. 41:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Niles Branch, 9190 West Golf Road, Niles, IL.

**Response:**

**Request for Admission No. 42:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your North Center Remote Branch, 3940 North Damen, Chicago, IL.

**Response:**

**Request for Admission No. 43:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Lobby" automated teller machine at your North Center Remote Branch, 3940 North Damen, Chicago, IL.

**Response:**

**Request for Admission No. 44:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your River Forest Branch, 7727 West Lake Street, River Forest, IL.

**Response:**

**Request for Admission No. 45:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Wheeling Branch, 125 McHenry Road, Wheeling, IL.

**Response:**

**Request for Admission No. 46:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Wrigleyville Branch, 3604 North Southport, Chicago, IL.

**Response:**

**Request for Admission No. 47:**    From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Wrigleyville Branch, 3604 North Southport, Chicago, IL.

**Response:**

**Request for Admission No. 48:**    Prior to December 28, 2006, you had not posted a Fee Notice on the ATM.

**Response:**

**Request for Admission No. 49:**    Prior to December 28, 2005, you had not posted a Fee
Notice on the ATM.

**Response:**

THOMAS STONE, Plaintiff,

By: _____

Lance A. Raphael, One Of His Attorneys

Dated: May 16, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

15

## Corus Bank ATM Locations

| Location | Address | Type |
|---|---|---|
| Calumet City Branch | 925 Burnham, Calumet City, IL | Drive-up |
| Calumet City Branch | 530 Torrence, Calumet City, IL | Drive-up |
| Corporate Headquarters | 3959 N. Lincoln, Chicago, IL | Lobby |
| Downtown Branch | 10 S. Riverside, Chicago, IL | Lobby |
| Downtown Branch | 10 S. Riverside, Chicago, IL | Street |
| Lakeview Branch | 3179 N. Clark, Chicago, IL | Drive-up |
| Lakeview Branch | 3179 N. Clark, Chicago, IL | Vestibule |
| Lakeview Branch | 3179 N. Clark, Chicago, IL | Street |
| Lincoln Park Branch | 2401 N. Halsted, Chicago, IL | Vestibule |
| Lincoln Park Branch | 2401 N. Halsted, Chicago, IL | Drive-up |
| Lincoln Square Branch | 2420 W. Lawrence, Chicago, IL | Drive-up |
| Lincoln Square Branch | 2420 W. Lawrence, Chicago, IL | Lobby |
| Lincoln Square Branch | 4800 N. Western, Chicago, IL | Vestibule |
| Niles Branch | 9190 W. Golf Rd., Niles, IL | Drive-up |
| Niles Branch | 9190 W. Golf Rd., Niles, IL | Vestibule |
| North Center Remote Branch | 3940 N. Damen, Chicago, IL | Drive-up |
| North Center Remote Branch | 3940 N. Damen, Chicago, IL | Lobby |
| River Forest Branch | 7727 W. Lake St., River Forest, IL | Drive-up |
| River Forest Branch | 7727 W. Lake St., River Forest, IL | Vestibule |
| Wheeling Branch | 125 McHenry Rd., Wheeling, IL | Vestibule |
| Wrigleyville Branch | 3604 N. Southport, Chicago, IL | Vestibule |
| Wrigleyville Branch | 3604 N. Southport, Chicago, IL | Drive-up |

**Exhibit A**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing *Plaintiff's First Set of Written Discovery Requests (Interrogatories, Requests for Production and Requests for Admissions of Fact)* was served upon the following by regular mail, with postage prepaid, and by facsimile on this May 16, 2008:

James R. Daly
Jones Day
77 W. Wacker Dr.
Chicago, IL 60601
312.782.8585 (fax)

Sherry Joseph, Paralegal

16

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.    08 CV 1746 |
| v. | ) ) | Judge Bucklo |
| CORUS BANK, N.A., | ) ) | Magistrate Judge Denlow |
| Defendant. | ) ) | |

### PLAINTIFF'S INITIAL RULE 26(a)(1) DISCLOSURES

Plaintiff Thomas Stone, ("Plaintiff"), by his attorneys, The Consumer Advocacy Center,

P.C., submit these disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**1.**    **Persons Likely To Have Discoverable Information**

Thomas Stone
c/o The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

-Mr. Stone has knowledge of the facts alleged in the complaint, including his use of
Defendant's automated teller machine ("ATM") and the lack of appropriate notice(s).
Representative(s) of Defendant

**2.**    **Documents**

Plaintiff's counsel has photographs of and receipts from Defendant's automated teller
machine. Plaintiff may also use any and all documents produced by Defendant or any of
its agents.

**3.**    **Damages**

Plaintiff is unable to calculate damages with specificity because relevant information is
within the exclusive control of defendant. Plaintiff seeks actual and statutory damages,
attorneys' fees and costs. Actual damages on Count I (violation of the Electronic Funds
Transfer Act, 15 U.S.C. § 1693, *et seq.*) can be computed by multiplying the number of

transactions during the class period times the transaction fee charged by Defendant.
Statutory damages will be determined by assessing the various factors set forth in the
statutes at issue.

THOMAS STONE,
Plaintiff,

By:

Lance A. Raphael, One Of His Attorneys

Dated: April 21, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
(312) 782-5808

2

## CERTIFICATE OF SERVICE

I, Sherry Joseph, paralegal, hereby certify under penalties of perjury according to 28 U.S.C. §1746 that on April 21, 2008 I caused to be served on the following attorneys of record the attached *Plaintiff's Initial Rule 26(a)(1) Disclosures* by Facsimile and U.S. Mail to:

> Jones Day
> Jim Daly
> Matthew Szwajkowski
> 77 West Wacker
> Chicago, IL 60601
> (312) 782-8585

Sherry Joseph

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CORUS BANK, N.A.,<br><br>                    Defendant. | Case No. 1:08-cv-01746<br><br>Judge Bucklo<br><br>Mag. Judge Denlow |

## DEFENDANT'S INITIAL RULE 26(A)(1) DISCLOSURES

Defendant Corus Bank, N.A. ("Corus"), by its undersigned attorneys, submits these disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The information disclosed herein represents information currently available and known to Corus following a reasonable and diligent investigation in connection with making these Initial Disclosures. The information disclosed herein does not preclude Corus from later identifying additional individuals and/or documents pursuant to further investigation or discovery that may be conducted subsequent to the date of these Initial Disclosures. Corus hereby reserves the right to supplement or revise these Initial Disclosures.

**A.      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on the information currently available to Corus, each of the individuals listed below may have discoverable information that Corus may use to support its claims or defenses, unless solely for impeachment purposes. Each of the individuals below may be reached through Corus' undersigned attorneys.

1.    Randy Curtis

Mr. Curtis has certain knowledge relating to the ATM machines operated by Corus and certain regulatory compliance issues.

2.    Michele Hemerly

Ms. Hemerly has certain knowledge relating to regulatory compliance issues.

3.    Mary Jo Selgrat

Ms. Selgrat has knowledge relating to the purchase of the ATM machines operated by Corus.

4.    Any individual listed on Plaintiff's Initial Disclosures and any supplements thereto.

**B.    A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Corus identifies the following categories of documents in its possession, custody, or control that Corus may use to support its claims or defenses:

1.    Documents indicating the number of out-of-network transactions at the ATM in question during the relevant time period;

2.    Documents indicating the number of surcharged withdrawals at the ATM in question during the relevant time period;

3.    Documents indicating the number of unique customers engaging in out-of-network transactions at the ATM in question during the relevant time period.

4.    Documents relating to Corus' regulatory compliance record.

Through identification of categories of documents above, Corus does not waive any of its rights to object to the production of any specific document(s), specifically including, but not limited to, Corus' right to object to the production of any document(s) on the basis of the attorney-client privilege and/or the attorney work product doctrine.

**C.    A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the**

**documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Corus does not allege any damages at this time but reserves the right to do so, including requesting costs, expenses, and attorneys' fees for the defense of this claim as allowed by statutory or common law.

**D.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Corus continues to investigate whether there may be insurance available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made, if any, to satisfy a judgment. Corus will supplement these disclosures when appropriate.

Dated: May 23, 2008

James R. Daly
Matthew E. Szwajkowski
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Attorneys for Defendant Corus Bank

## CERTIFICATE OF SERVICE

I, Matthew E. Szwajkowski, an attorney, certify that on May 23, 2008, I served Defendant Corus Bank, N.A.'s **Initial Disclosures Pursuant to Rule 26(a)(1)** via E-mail and U.S. Mail on the following counsel of record:

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
lance@caclawyers.com

Matthew E. Szwajkowski

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 2254 |
| v. | ) ) | Judge Dow |
| CORUS BANK, N.A. | ) ) ) | Magistrate Ashman |
| Defendant. | ) | |

### PLAINTIFF'S INITIAL RULE 26(a)(1) DISCLOSURES

Plaintiff Gloria Rodriguez, ("Plaintiff), by her attorneys, The Consumer Advocacy Center, P.C., submit these disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**1.**   **Persons Likely To Have Discoverable Information**

Gloria Rodriguez
c/o The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

Ms. Rodriguez has knowledge of the facts alleged in the complaint, including her use of Defendant's automated teller machine ("ATM") and the lack of appropriate notice(s).

**2.**   **Documents**

Plaintiff's counsel has receipts from Defendant's automated teller machine. Plaintiff may also use any and all documents produced by Defendant or any of its agents.

**3.**   **Damages**

Plaintiff is unable to calculate damages with specificity because relevant information is within the exclusive control of defendant. Plaintiff seeks actual and statutory damages, attorneys' fees and costs. Actual damages on Count I (violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*) can be computed by multiplying the number of transactions during the class period times the transaction fee charged by Defendant.

Statutory damages will be determined by assessing the various factors set forth in the statutes at issue.

GLORIA RODRIGUEZ,
Plaintiff,

By: _____
Lance A. Raphael, One Of Her Attorneys

Dated: June 13, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

2

## *CERTIFICATE OF SERVICE*

I, Sherry Joseph, paralegal, hereby certify under penalties of perjury according to 28 U.S.C. §1746 that on June 13, 2008 I caused to be served on the following attorneys of record the attached ***Plaintiff's Initial Rule 26(a)(1) Disclosures*** by Facsimile and U.S. Mail to:

Jim Daly
Matthew Szwajkowski
Jones Day
77 West Wacker
Chicago IL 60601-1692
(312) 782-8585

Sherry Joseph

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA RODRIGUEZ, individually and on
behalf of all others similarly situated,

        Plaintiff,

        v.

CORUS BANK, N.A.,

        Defendant.

Case No.  1:08-cv-02254

Judge Dow

Mag. Judge Ashman

## DEFENDANT'S INITIAL RULE 26(A)(1) DISCLOSURES

Defendant Corus Bank, N.A. ("Corus"), by its undersigned attorneys, submits these disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  The information disclosed herein represents information currently available and known to Corus following a reasonable and diligent investigation in connection with making these Initial Disclosures.  The information disclosed herein does not preclude Corus from later identifying additional individuals and/or documents pursuant to further investigation or discovery that may be conducted subsequent to the date of these Initial Disclosures.  Corus hereby reserves the right to supplement or revise these Initial Disclosures.

**A.**    **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on the information currently available to Corus, each of the individuals listed below may have discoverable information that Corus may use to support its claims or defenses, unless solely for impeachment purposes.  Each of the individuals below may be reached through Corus' undersigned attorneys.

CHI-1654256v1

1. Randy Curtis

   Mr. Curtis has certain knowledge relating to the ATM machines operated by Corus and certain regulatory compliance issues.

2. Michele Hemerly

   Ms. Hemerly has certain knowledge relating to regulatory compliance issues.

3. Mary Jo Selgrat

   Ms. Selgrat has knowledge relating to the purchase of the ATM machines operated by Corus.

4. Any individual listed on Plaintiff's Initial Disclosures and any supplements thereto.

**B.**   **A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Corus identifies the following categories of documents in its possession, custody, or control that Corus may use to support its claims or defenses:

1. Documents indicating the number of out-of-network transactions at the ATM in question during the relevant time period;

2. Documents indicating the number of surcharged withdrawals at the ATM in question during the relevant time period;

3. Documents indicating the number of unique customers engaging in out-of-network transactions at the ATM in question during the relevant time period.

4. Documents relating to Corus' regulatory compliance record.

Through identification of categories of documents above, Corus does not waive any of its

rights to object to the production of any specific document(s), specifically including, but not

limited to, Corus' right to object to the production of any document(s) on the basis of the

attorney-client privilege and/or the attorney work product doctrine.

**C.**   **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the**

**documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Corus does not allege any damages at this time but reserves the right to do so, including requesting costs, expenses, and attorneys' fees for the defense of this claim as allowed by statutory or common law.

**D.**     **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Corus continues to investigate whether there may be insurance available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made, if any, to satisfy a judgment.  Corus will supplement these disclosures when appropriate.

Dated:  June 13, 2008

James R. Daly
Matthew E. Szwajkowski
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Attorneys for Defendant Corus Bank

- 3 -

## CERTIFICATE OF SERVICE

I, Matthew E. Szwajkowski, an attorney, certify that on June 13, 2008, I served Defendant Corus Bank, N.A.'s **Initial Disclosures Pursuant to Rule 26(a)(1)** via E-mail and U.S. Mail on the following counsel of record:

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
lance@caclawyers.com

_____
Matthew E. Szwajkowski

- 4 -