IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORUS BANK, N.A.,<br><br>Defendant. | Case No. 1:08-cv-01746<br><br>Judge Bucklo<br><br>Mag. Judge Denlow |

### DEFENDANT CORUS BANK, N.A's
### MOTION TO REASSIGN CASES AS RELATED

Pursuant to Local Rule ("LR") 40.4 of this Court, Defendant Corus Bank, N.A. ("Corus") respectfully moves the Court to reassign and consolidate *Victor Rodriguez v. Corus Bank, N.A.*, Case No. 1:08-cv-03511 (Judge Aspen), with this case. In support of this motion, Corus states:

1. On March 26, 2008, Plaintiff Thomas Stone, represented by the Consumer Advocacy Center, P.C., filed a class action complaint, Case No. 1:08-cv-01746, alleging that Corus violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq*. Specifically, Plaintiffs allege that Stone and others were illegally charged a fee for use of Corus Automated Teller Machine ("ATM") number S862010, located at 530 Torrence, Calumet City, Illinois, due to the alleged absence of a sign posted on or near the ATM disclosing that users would be charged a fee for withdrawals.

2. On June 19, 2008, Plaintiff Victor Rodriguez, represented by the Consumer Advocacy Center, P.C., filed a class action complaint, Case No. 1:08-cv-03511, alleging that Corus violated the EFTA, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq*. Specifically, Plaintiff alleges that Victor Rodriguez and others were illegally charged a fee for use of Corus ATM number S862018, located at 2420 W. Lawrence, Chicago, Illinois, due to the alleged absence of a sign posted on or near the ATM disclosing that users would be charged a fee

for withdrawals. Plaintiff also seeks a putative class encompassing all persons who were charged a transaction fee for use of fifteen other Corus ATMs.

3. Cases may be related for the purposes of reassignment if they "involve some of the same issues of fact or law." *See* LR 40.4(a)(2).

4. These cases are "related" under this criterion, in that they involve the same issues of law and are brought against the same Defendant. Indeed, the allegations contained in the respective complaints are, word-for-word, almost identical, and each paragraph in the complaint corresponds to an identical allegation in the other. The *Victor Rodriguez* complaint merely substitutes a new Plaintiff, new Corus ATMs, and a new alleged transaction date as the basis for suit. A copy of the *Victor Rodriguez* complaint is attached hereto as **Exhibit A**.

4. LR 40.4(b) contains conditions for the reassignment of cases as related. These conditions are that 1) both cases are pending in this court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding. *See* LR 40.4(b)1-4. These factors are also satisfied in this case, as demonstrated below.

5. Both the instant case and the *Victor Rodriguez* case are currently pending in the United States District Court for the Northern District of Illinois.

6. The handling of the cases by this Court will result in a substantial saving of judicial time and effort, in that reassignment will prevent another judge from addressing similar discovery disputes, adjudicating nearly identical pre-trial motions, and eventually presiding over a nearly identical trial involving the same legal theories.

7. *Stone* has not progressed to the point where designating *Victor Rodriguez* as related would be likely to delay the proceedings in the earlier case substantially. Both cases are in nascent stages, having been filed mere weeks ago. Defendant's answer in *Victor Rodriguez* was filed on June 25, 2008, and no status hearing has been held in that case.

8.  Furthermore, the cases are susceptible of disposition in a single proceeding, in that they involve identical legal theories, identical factual allegations, are directed at the same Defendant, and seek identical relief. As such, all of the prerequisites for the reassignment of cases as related under LR 40.4 have been satisfied.

**WHEREFORE**, Defendant Corus Bank, N.A. respectfully requests that this Court enter an order reassigning the above-entitled action, *Victor Rodriguez v. Corus Bank, N.A.*, Case No. 1:08-cv-03511 (Judge Aspen), pursuant to LR 40.4.

Dated: July 3, 2008

Respectfully submitted,

/s/ James R. Daly
James R. Daly
Matthew E. Szwajkowski
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Attorneys for Defendant Corus Bank, N.A.

CHI-1657472v1

## CERTIFICATE OF SERVICE

      I, Matthew E. Szwajkowski, an attorney, certify that on July 3, 2008, I served Defendant Corus Bank, N.A.'s **Motion to Reassign Cases As Related** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
lance@caclawyers.com

                                                                                        */s/ Matthew E. Szwajkowski*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | FILED: JUNE 19, 2008<br>08CV3511 |
| Plaintiff, | ) ) | Case No. JUDGE ASPEN<br>MAGISTRATE JUDGE BROWN |
| v. | ) ) ) | AEE |
| CORUS BANK, N.A., | ) ) | JURY DEMANDED |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Victor Rodriguez ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C., states as follows for his Class Action Complaint against Corus Bank, n.a. ("Defendant").

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

2. Defendant is a bank with its principal place of business in this district.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

### Statutory/Regulatory Authority

5.  The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6.  Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7.  The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

### Facts Related To Victor Rodriguez

8.  On March 20, 2008, Plaintiff used automated teller machine ("ATM") number S862018 ("ATM S862018"), located at 2420 W. Lawrence Ave., Chicago, Illinois.

9.  On March 20, 2008, Plaintiff was charged a $2.00 fee to withdraw money from ATM S862018.

10. On March 20, 2008, at the time Plaintiff used ATM S862018, there was no notice posted on or near ATM S862018 that disclosed that users would be charged any fee for using ATM S862018.

### COUNT I
### VIOLATION OF EFTA AND REGULATION E

11. Plaintiff incorporates herein by reference paragraphs 1-10.

12. Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of the following Corus Bank automated teller machines:

>  925 Burnham, Calumet City
>  10 S. Riverside, Chicago (Lobby)
>  3179 N. Clark, Chicago (three machines) (Drive-up) (Vestibule) (Street)
>  2401 N. Halsted, Chicago (Vestibule)
>  2420 W. Lawrence, Chicago (two machines) (Drive-up) (Lobby)
>  9190 W. Golf Rd., Niles (two machines) (Drive-up) (Vestibule)
>  3940 N. Damen, Chicago (two machines) (Drive-up) (Lobby)
>  7727 W. Lake St., River Forest (Vestibule)
>  125 McHenry Rd., Wheeling (Vestibule)
>  3604 N. Southport, Chicago (two machines) (Vestibule) (Drive-up)

13. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

14. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

> (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and
>
> (b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

15. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

3

(a) Plaintiff and all putative class members used an ATM operated by Defendant;

(b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendants' ATMs.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

17. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

18. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

19. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

21.     Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22.     Defendant was the ATM operator of each ATM referenced in paragraph 12 above at all times relevant to this action.

23.     Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

24.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of the ATMs referenced in paragraph 12 above.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in his favor and against Corus Bank, n.a. and award the following:

A.     Actual and statutory damages as set forth in the EFTA and Regulation E;

B.     Attorneys' fees and costs of suit; and

C.     Such other relief as this Court deems proper.

**Plaintiff Demands A Trial By Jury**

VICTOR RODRIGUEZ, Plaintiff,

By:     /s/ Lance A. Raphael
         Lance A. Raphael, One Of His Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

5