IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORUS BANK, N.A.,<br><br>Defendant. | Case No.  1:08-cv-01746<br><br>Judge Bucklo<br><br>Mag. Judge Denlow |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO REASSIGN CASES AS RELATED

Defendant Corus Bank, N.A. ("Corus") has moved to reassign certain lawsuits pending against it on the basis of relatedness, pursuant to Local Rule 40.4.  Corus submits this supplemental memorandum of law to bring to the Court's attention the impact on the pending motion of another lawsuit that was filed on the same day as Corus' Reply Memorandum of Law In Support of Motion to Reassign Cases as Related.[1]

### ARGUMENT

**I.    THE RECENT *VICTOR RODRIGUEZ* ACTION SHOULD BE REASSIGNED AS RELATED**

Concurrently with the submission of this supplemental memorandum of law, Corus moves to reassign the recent *Victor Rodriguez* case as related.  For all of the reasons stated in Corus' Motion to Reassign Cases as Related and Reply Memorandum of Law in Support of

---

[1] On June 19, 2008, Corus filed its Reply Memorandum in Support of Motion to Reassign Cases as Related. Also on June 19, 2008, this Plaintiff's attorney filed a new suit under 15 U.S.C. 1693 *et seq*. and 12 C.F.R. § 205.1 *et seq.*, *Victor Rodriguez v. Corus*, 08 C 3351 (Judge Aspen) (attached hereto as Exhibit A), which contains identical allegations as *Stone v. Corus*, 08 C 1746, *Gloria Rodriguez v. Corus,* 08 C 2254, and *Kistner v. Corus*, 08 C 2797.

Motion to Reassign Cases as Related, the recent action should similarly be reassigned as related. *Victor Rodriguez* contains verbatim allegations and identical issues of law and fact to the three lawsuits filed previously against Corus Bank, grows out of the same transaction or occurrence as those cases, and involves the same class. *See* LR 40.4(a); Def.'s Reply Mem. at 3-5. The handling of these cases by the same judge is likely to result in a substantial saving of judicial time and effort, *see* LR 40.4(b)(2); Def.'s Reply Mem. at 5-6, and the cases are susceptible to disposition in a single proceeding. *See* LR 40.4(b)(4); Def.'s Reply Mem. at 6-7.

## II.   PLAINTIFF'S OPPOSITION TO REASSIGNMENT IS MOOT

With his most recent filing, which seeks a putative class encompassing the users of sixteen different Corus ATMs, Plaintiff and his counsel have effectively determined the outcome of the pending motion. First, Plaintiff has flatly contradicted his own argument that the putative classes in *Stone, Gloria Rodriguez,* and *Kistner* were selectively defined to encompass only one ATM per action (and that reassignment of those cases would not be proper) because prior putative classes of users of multiple ATMs have not been certified in EFTA cases.[2] While this

---

[2] MR. RAPHAEL:  These are not the same classes.

THE COURT:  And the reason they are not is what?  Why isn't it one class?

MR. RAPHAEL: Well, the group of people that I'm suing on behalf of for one branch of the, of [sic] Corus Bank is a completely separate and distinct group of people from the people that I'm suing for in the, in a different case against a different branch of Corus Bank. If Your Honor were to think somehow that these are related, they don't involve the same people at all, and what would happen is banks, for example, like, oh, J.P. Morgan, if I sued on a J.P. Morgan branch in Ohio, that would be related here if I sued on another J.P. Morgan branch in – because J.P. Morgan has literally thousands of branches, and so any of those branches that do not comply with the statute give rise to a cause of action for that group of people for that machine.

(*See* Tr. at 5:13-6:3).

THE COURT:  What would be the reason for narrowing the class?

MR. RAPHAEL:  The reason for narrowing the class would be twofold.  One, I don't think any class against multiple branches has ever been certified as a giant class, okay, because each of the branch locations is going to say: Hi, I'm the branch manager of this bank, okay, and I go and I look at this ATM every day, and that's my procedure to make sure that it's in compliance, and I don't know what happened to this notice. Another branch manager might say: No, in our branch we, unfortunately, we never complied with the statute. And then some other branch manager might say something completely different.

(*See* Tr. at 9:5-18).

position was and is inaccurate, it has been toppled by Plaintiff's own putative class definition in the *Victor Rodriguez* action. Plaintiff's stated opposition to reassignment is therefore moot.

Second, as Plaintiff has now (between his four pending lawsuits against Corus on the basis of the EFTA and Regulation E) defined and alleged a putative class of all users that were charged a fee at all Corus ATMs that did not carry external signage during the relevant period, Plaintiff cannot continue to argue that these cases allege different putative classes.[3] Corus has already consented to the certification of a single statutory damages class encompassing these nineteen ATMs, and it has already stipulated that it will not assert individual defenses for each ATM. Moreover, Plaintiff has taken advantage of Corus' consent to allege a putative class of users of sixteen different Corus ATMs in a case where the lead plaintiff is only alleged to have used a single Corus ATM. *See Victor Rodriguez* Compl. (attached hereto as Ex. A). The only rationale that Plaintiff could possibly have for opposing reassignment at this juncture is the desire to increase Corus' exposure by maintaining distinct actions subject to separate statutory damages caps (as defined in 15 U.S.C. §1693(m)). That is not a proper ground to contest the reassignment of cases as related pursuant to Local Rule 40.4, and Plaintiff's thirst for potential statutory damages cannot thwart this meritorious and simple motion to reassign on the basis of that Rule.

---

(continued…)

[3] Mr. RAPHAEL: We have not defined the classes the same. We have defined them as to each separate branch. Each of the separate lawsuits has separate class plaintiffs, and, thus, the parties are not the same and the classes are not the same. And they are for different class periods.

(*See* Tr. at 11:24-12:3).

MR. RAPHAEL: That isn't what I asked. If I don't have a plaintiff for machine No. 19, does Mr. Stone have standing to bring an action against that machine? And if the answer to that question is no, then why would Mr. Stone have standing to bring an action on the machine that I do have a different plaintiff on? *It's axiomatic that they are not the same class* (emphasis added).

(*See* Tr. at 18:7-13).

CHI-1656076v2                    3

Dated: July 3, 2008

Respectfully submitted,

*/s/ James R. Daly*

James R. Daly
Matthew E. Szwajkowski
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Fax: (312) 782-8585

Attorneys for Defendant,
CORUS BANK, N.A.

## CERTIFICATE OF SERVICE

  I, Matthew E. Szwajkowski, an attorney, certify that on July 3, 2008, I served Defendant Corus Bank, N.A.'s **Supplemental Memorandum of Law in Support of Defendant's Motion to Reassign Cases As Related** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:

  Lance A. Raphael
  Stacy M. Bardo
  Allison Krumhorn
  The Consumer Advocacy Center, P.C.
  180 W. Washington St., Ste. 700
  Chicago, IL 60602
  lance@caclawyers.com


              */s/ Matthew E. Szwajkowski*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | FILED: JUNE 19, 2008 <br> 08CV3511 |
| Plaintiff, | ) ) | Case No. JUDGE ASPEN <br> MAGISTRATE JUDGE BROWN |
| v. | ) ) | |
| | ) | AEE |
| CORUS BANK, N.A., | ) ) | JURY DEMANDED |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Victor Rodriguez ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C., states as follows for his Class Action Complaint against Corus Bank, n.a. ("Defendant").

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

2. Defendant is a bank with its principal place of business in this district.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

**Statutory/Regulatory Authority**

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**Facts Related To Victor Rodriguez**

8. On March 20, 2008, Plaintiff used automated teller machine ("ATM") number S862018 ("ATM S862018"), located at 2420 W. Lawrence Ave., Chicago, Illinois.

9. On March 20, 2008, Plaintiff was charged a $2.00 fee to withdraw money from ATM S862018.

10. On March 20, 2008, at the time Plaintiff used ATM S862018, there was no notice posted on or near ATM S862018 that disclosed that users would be charged any fee for using ATM S862018.

**COUNT I**
**VIOLATION OF EFTA AND REGULATION E**

11. Plaintiff incorporates herein by reference paragraphs 1-10.

2

12. Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of the following Corus Bank automated teller machines:

>925 Burnham, Calumet City
>10 S. Riverside, Chicago (Lobby)
>3179 N. Clark, Chicago (three machines) (Drive-up) (Vestibule) (Street)
>2401 N. Halsted, Chicago (Vestibule)
>2420 W. Lawrence, Chicago (two machines) (Drive-up) (Lobby)
>9190 W. Golf Rd., Niles (two machines) (Drive-up) (Vestibule)
>3940 N. Damen, Chicago (two machines) (Drive-up) (Lobby)
>7727 W. Lake St., River Forest (Vestibule)
>125 McHenry Rd., Wheeling (Vestibule)
>3604 N. Southport, Chicago (two machines) (Vestibule) (Drive-up)

13. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

14. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

>(a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

>(b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

15. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

(a) Plaintiff and all putative class members used an ATM operated by Defendant;

(b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendants' ATMs.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

17. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

18. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

19. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

21.   Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22.   Defendant was the ATM operator of each ATM referenced in paragraph 12 above at all times relevant to this action.

23.   Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

24.   Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of the ATMs referenced in paragraph 12 above.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in his favor and against Corus Bank, n.a. and award the following:

A.   Actual and statutory damages as set forth in the EFTA and Regulation E;

B.   Attorneys' fees and costs of suit; and

C.   Such other relief as this Court deems proper.

**Plaintiff Demands A Trial By Jury**

VICTOR RODRIGUEZ, Plaintiff,

By:   /s/ Lance A. Raphael
      Lance A. Raphael, One Of His Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808