IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CORUS BANK, N.A.,<br><br>        Defendant. | Case No. 1:08-cv-01746<br><br>Judge Bucklo<br><br>Mag. Judge Denlow |
| GLORIA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CORUS BANK, N.A.,<br><br>       Defendant. | Case No. 1:08-cv-02254<br><br>Judge Dow<br><br>Mag. Judge Ashman |
| JOAN KISTNER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CORUS BANK, N.A.,<br><br>       Defendant. | Case No. 1:08-cv-02797<br><br>Judge Norgle<br><br>Mag. Judge Ashman |
| VICTOR RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CORUS BANK, N.A.,<br><br>       Defendant. | Case No. 1:08-cv-03511<br>Judge Aspen<br>Mag. Judge Brown |

**AMENDED NOTICE OF CONSENT TO CERTIFICATION OF STATUTORY DAMAGES CLASS**

Corus Bank, N.A. ("Corus") hereby amends its previous Notice of Consent to Certification of Statutory Damages Class, dated June 19, 2008, to make clear that the consent encompasses another action against Corus on the basis of the EFTA and Regulation E that was filed on the same day as Corus' prior Notice of Consent – *Victor Rodriguez v. Corus*, 08-cv-03511. As stated previously, Corus gives notice of its consent to a single statutory damages class in all four of the above-captioned matters as described below:

1. On May 22, 2008, in a hearing upon motions to reassign the *Stone*, *Gloria Rodriguez*, and *Kistner* cases pursuant to Local Rule 40.4, this Court, responding to a hypothetical posed by counsel for Plaintiffs, inquired as to Corus' position regarding the current putative class action representatives' standing to sue upon additional alleged violations of 15 U.S.C. § 1693 *et seq.* ("EFTA") and 12 C.F.R. § 205.1 *et seq.* ("Regulation E"), specifically in connection with Corus automated teller machine ("ATM") locations that are not named in the *Stone*, *Gloria Rodriguez*, and *Kistner* cases.[1]

---

[1] THE COURT: Well, you've got three plaintiffs, right?

MR. RAPHAEL: Well, no, I understand there's 19 locations that they had that violated [sic]. I do have additional plaintiffs coming in, and I can sue on each of those machines. Are they saying somehow that the class can encompass all of these machines whether I have a plaintiff or not?

THE COURT: That's a fair question.

MR. DALY: Your Honor, if Mr. Raphael says that he's got a plaintiff for each one of those machines, I believe the bank would consent to the fact that any one of the three plaintiffs could bring the class. We may have issues. We have issues, for example, just to back up for one second.

There are statutory damages that's [sic] up to $500,000. They have also requested actual damages. There's going to be a fight on that because we don't think there are any actual damages because each and every customer got the notice and had to push a button that says: Yes, I want to pay the fee and proceed.

So on that we are going to have a fight.

On the statutory damages, was there a sign on the machine? I don't think we're going to have a fight on that.

MR. RAPHAEL: That isn't what I asked. If I don't have a plaintiff for machine No. 19, does Mr. Stone have standing to bring an action against that machine? And if the answer to that question is no, then why would Mr. Stone have standing to bring an action on the machine that I do have a different plaintiff on [sic]? It's axiomatic that they are not the same class.

MR. DALY: I think we'd have to take a look at that, Judge, but it sounds to me like [sic] that if he's going to bring a single class action against the bank, I don't think we are going to have a standing issue when it comes to the machines.

(*See* Tr. at 17:11-18:17).

MR. DALY: Judge, we will consent to a statutory damage class for all – however many machines.

(*See* Tr. at 19:22-23).

CHI-1658046v1                                    2

2. To confirm what was stated in court, and assuming that the current putative class representatives did in fact use and pay a transaction fee at one of Corus' ATMs during the class period, Corus will not oppose the standing of any current putative class representative to assert statutory damages claims encompassing all Corus ATMs alleged to have violated the EFTA and Regulation E, irrespective of the class representative's actual usage of the other ATMs in question during the class period. Further, Corus will not contest a motion for class certification for a class meeting this definition (a statutory damages class comprised of persons who paid a transaction fee at a Corus ATM on which a physical fee notice was not posted in alleged violation of the EFTA and Regulation E during the relevant class period).

3. Corus does not consent to the propriety of class certification for any putative class seeking actual damages in this matter on the ground that every putative class member was made aware by an on-screen notice that a fee would be charged—and was required by the on-screen menu to elect whether to proceed with the transaction and pay the fee—prior to consummating a transaction at a Corus ATM. Consequently—as to actual damages—individual questions of causation, injury and damage, among others, will predominate over any questions that may be common. If the Court nonetheless determines to certify an actual damages class, Corus would consent to the treatment in a single class all actual damages claims for all Corus ATMs alleged to violate the EFTA and Regulation E for failure to have the physical notice posted.

Dated: July 10, 2008                              Respectfully submitted,

                                                */s/ James R. Daly*
                                                James R. Daly
                                                Matthew E. Szwajkowski
                                                JONES DAY
                                                77 West Wacker, Suite 3500
                                                Chicago, Illinois 60601
                                                Telephone: (312) 782-3939
                                                Fax: (312) 782-8585

                                                Attorneys for Defendant,
                                                CORUS BANK, N.A.

## CERTIFICATE OF SERVICE

I, Matthew E. Szwajkowski, an attorney, certify that on July 10, 2008, I served the foregoing **Amended Notice of Consent to Certification of Statutory Damages Class** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
lance@caclawyers.com


/s/ Matthew E. Szwajkowski