IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS STONE, | ) | |
| | ) | Case No. 08 C 1746 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| CORUS BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Thomas Stone moves this Court to certify this case as a class action, stating as follows:

1. Plaintiff's claims are based on Corus Bank's failure to comply with the required ATM fee notice postings set forth in the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*, ("EFTA" or "Act"), with respect to a Corus Bank-operated ATM located at 530 Torrence Ave., Calumet City, IL 60409.

2. Because the EFTA claims at issue arise from Corus Bank's failure to post the statutorily-required surcharge notice on the outside of the ATM in question, the class action device is the ideal mechanism for disposition of all ATM-users' claims. In fact, the EFTA specifically endorses class actions as an appropriate mechanism for resolving claims under the EFTA.[1]

---

[1] *See* 15 U.S.C. § 1693m.

1

3. In determining whether a class will be certified, the substantive allegations of the complaint should be accepted as true.[2] Moreover, Rule 23 is a remedial procedure that should be construed liberally to permit class actions.[3]

4. As detailed in Plaintiff's accompanying memorandum, the requirements to proceed with a class action under FED. R. CIV. P. 23(a) - numerosity, commonality, typicality, and adequacy - are satisfied in this case. Moreover, the requirements for certifying a Rule 23(b)(3) class are also met.

WHEREFORE, Plaintiff Thomas Stone respectfully requests that this Court enter an order certifying the following class:

> All persons who, from March 26, 2007 to March 27, 2008, were charged a transaction fee for the use of automated teller machine number S862010, located at Corus Bank, 530 Torrence Ave., Calumet City, IL 60409.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiffs' Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

---

[2] *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Keele v. Wexler*, No. 95 C 3483, 1996 U.S. Dist. LEXIS 3253, *1 (N.D. Ill. March 19, 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998).

[3] *See, e.g., Gates v. Towery*, No. 04 C 2155, 2004 U.S. Dist. LEXIS 22876, *4 (N.D. Ill. Nov. 10, 2004); *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517 at *4 (N.D. Ill. March 24, 1997).