## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS STONE, | ) | |
| | ) | Case No. 08 C 1746 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| CORUS BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN
## SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION

### Introduction

In the drive-thru lane at its branch located at 530 Torrence Avenue in Calumet City,

Illinois, Defendant Corus Bank operated an automated teller machine ("ATM") in violation of

the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA" or "Act"). Specifically,

Defendant failed to post the statutorily-mandated notice on the face of its ATM notifying users

that it would charge non-Corus Bank customers $2.00 for the use of the ATM. *See* 15 U.S.C. §

1693b(d)(3)(B)(i). Finally, Corus Bank admits that it had never posted the required fee notice on

the ATM.[1]

Plaintiff brought this class action to seek redress for Defendant's imposition of ATM fees

without having properly disclosed the fee on the outside of the ATM. Plaintiff's claim is exactly

the same as all other putative class members, *i.e.*, each used the same ATM and paid the same

---

[1]     *See* Defendant's Response to Plaintiff's First Set of Written Discovery Requests ("*Discovery Responses*") at Interrogatory no. 9 (p. 5) and Request for Admission no. 48 (p. 21), a copy of which is included herewith as Exhibit 1 and incorporated herein by reference.

$2.00 fee when Defendant was not entitled to charge such fee because it failed to post the physical notice required by the EFTA. Because no individual issues exist that would preclude classwide disposition of this case, Plaintiff seeks to certify the following class:

> All persons who, from March 26, 2007 to March 27, 2008, were charged a transaction fee for the use of automated teller machine number S862010, located at Corus Bank, 530 Torrence Ave., Calumet City, IL 60409.

## Legal Discussion

The class action was designed to promote a fair and expeditious resolution for claims of a large number of people seeking relief for the same unlawful occurrence, practice, or procedure. The plain language of Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et. seq.*, like the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 *et seq.*, demonstrates that class actions are an appropriate procedural device because class-wide statutory damages are specifically contemplated. Class remedies are "an important encouragement to the voluntary compliance which is so necessary to insure nationwide adherence to uniform disclosure."[2]

In commenting on TILA's statutory damages, the Senate Committee on Banking, Housing and Urban Affairs noted that consumer remedies should not be restricted to actual damages because, "[a]s the Committee pointed out in its report on similar legislation last year, 'Most Truth in Lending violations do not involve actual damages and . . . some meaningful penalty provisions are therefore needed to insure compliance.' "[3] Further, "[t]he possibility of class-action exposure is essential to the prophylactic intent of the Act, and is necessary to elevate

---

[2]    SENATE COMM. ON BANKING, HOUSING AND URBAN AFFAIRS, TRUTH IN LENDING AMENDMENTS, S. Rep. No. 93-278, 93d Cong., 1st Sess. 14-15 (1973).

truth-in-lending lawsuits 'from the ineffective 'nuisance' category to the type of suit which has enough sting to insure that management will strive with diligence to achieve compliance.' "[4] In this case, Defendant has shown no diligence in compliance.

The alternative to class certification – the prosecution of several thousand individual claims – would result in extreme logistical difficulties, a waste of judicial resources, and the elimination of an orderly and reasonable process to resolve the factual and legal issues underlying this case.

The purpose of the EFTA is to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.[5] "The primary objective of EFTA, however, is the provision of . . . consumer rights."[6] The EFTA is a strict liability statute, and makes no mention of any requisite scienter.[7] As the Act is broadly drafted and designed to protect consumers, it must be read in such a way to effectuate this purpose.

Under the Federal Rules of Civil Procedure, a class should be certified when a Plaintiff meets all four requirements of Rule 23(a) and one of the requirements of Rule 23(b). Rule 23 to be construed liberally and read to favor the maintenance of class actions.[8] Further, when

---

[3]    *Id.*

[4]    *Bantolina v. Aloha Motors, Inc.*, 419 F. Supp. 1116, 1120 (D. Hawaii 1976) (*citing* Federal Reserve Board, 1972 Annual Report on Truth in Lending).

[5]    *See* 15 U.S.C. § 1693(b).

[6]    *Id.*

[7]    *Burns v. First American Bank*, No. 04-C7682, 2006 U.S. Dist. LEXIS 92159, at *19 (*citing Bisbey v. D.C. National Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986)).

[8]    *See Cannon v. Nationwide Acceptance Corp.*, No. 96-C1136, 1997 U.S. Dist. LEXIS 3517, at *4 (N.D. Ill. March 24, 1997).

evaluating a motion for class certification, a court accepts as true the allegations made in support

of certification, and does not examine the merits of the case.[9]

As demonstrated below, Plaintiff meets all requirements necessary to certify this case as a

class action. As Congress recognized the importance of class actions in protecting consumers

under this statute by expressly authorizing class action remedies under the EFTA, a class should

be certified here.[10]

## Rule 23(a)(1) -- Numerosity

A class may be certified only if "the class is so numerous that joinder of all members is

impracticable."[11]  Impracticability exists where individual adjudication would take an extended

period of time and joinder of all the parties would be expensive, time consuming and "a strain on

already overtaxed judicial resources."[12]  "While there is no 'bright line' test for numerosity,

courts have found this element satisfied where the putative class would number in the range of as

few as 10 to 40."[13]

---

[9]    *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974).

[10]   15 U.S.C. § 1693m; *see also Cobb v. Monarch Finance Corp.*, 913 F. Supp. 1164, 1172 (N.D. Ill. 1995) (certifying EFTA class); *Burns*, 2006 U.S. Dist. LEXIS at *2 (same).

[11]   FED. R. CIV. P. 23(a)(1).

[12]   *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992).

[13]   *Khalil Abdur Rahim v. Sheahan*, No. 99-C0395, 2001 U.S. Dist. LEXIS 17214, at *37-38 (N.D. Ill. Oct. 18, 2001); *see, e.g., Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 sufficient); *Barney v. Harvey*, No. 95-C3316, 1997 U.S. Dist. LEXIS 3570 (N.D. Ill., March 25, 1997) (class of 13 certified where other factors made joinder impracticable); *Gaspar v. Linvatee Corp.*, 167 F.R.D. 51, 56-57 (N.D. Ill. 1996) (class of 18 certified); *Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (40 sufficient).

Here, Defendant has admitted that (1) during the class period, it charged a fee to more than 100 users of the ATM and (2) the putative class is so numerous that joinder of all putative class members is impracticable.[14]   Additionally, though Defendant did not answer an interrogatory asking for the specific number of transactions at issue,[15] it produced a document suggesting at least 10,944 transactions.  Thus, Plaintiff has established that joinder of all class members would be impracticable and meets the requirements of Rule 23(a)(1).

## Rule 23(a)(2) -- Commonality

A class may be certified only if "there are questions of law or fact common to the class."[16]  "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."[17]  So long as at least one issue of law or fact is common to all class members, a class should be certified.  Where a question of law involves standardized conduct toward members of the proposed class, a common nucleus of operative facts is typically found, and the commonality requirement is usually met.[18]

Plaintiff alleges that Defendant violated the EFTA by failing to post a fee notice on its ATM before charging him a fee to use the machine.  Plaintiff's claim is universal and identical to

---

[14]   *See Discovery Responses*, at Request for Admission nos. 13, 14 (p. 16).

[15]   *See Discovery Responses*, at Interrogatory no. 8 (p. 5).

[16]   FED. R. CIV. P. 23(a)(2).

[17]   *Keele*, 149 F.3d at 594 (*citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

[18]   *Chandler v. Southwest Jeep-Eagle, Inc.,* 162 F.R.D. 302, 308 (N.D. Ill. 1995) (*citing Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984)).  *See also Johnson v. Steven Sims Subaru, Inc.*, No. 92C-6355, 1993 U.S. Dist. LEXIS 8078 at *9 (N.D. Ill. June 9, 1993) (Bucklo, J.) (finding commonality in proposed TILA class when each class member signed the same form and the claim addressed "a legal question common to all class members, namely, whether their printed lease form complied with disclosure requirements of TILA and its enforcement provision, Regulation M.").

the experience of the absent putative class members, against whom Defendant also charged a transaction fee when no fee notice was posted on the ATM. Although a common question of either law or fact can be used to support a class action, both exist here. The common questions of fact for the class are (1) whether Defendant posted notice that it would charge a $2.00 transaction fee for use of the ATM and (2) whether Defendant charged a $2.00 transaction fee for use of the ATM when no fee notice was posted. The common question of law is whether Defendant's failure to post a fee notice but still charge a transaction fee violated 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16. Because there is a common nucleus of operative facts as to all the class members' ATM transactions, and this fact could provide for a finding of liability under the EFTA for all class members, Plaintiff satisfies the commonality requirement of Rule 23(a)(2).[19]

## Rule 23(a)(3) -- Typicality

A class may be certified only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."[20] Rule 23(a)(3) is satisfied if the representative's claim " 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [the representative's] claims are based on the same legal theory.' "[21]

---

[19] *Burns*, 2006 U.S. Dist. LEXIS 92159, at *25 (finding that "[t]he proposed class is based on a common nucleus of operative facts - that is, Defendant charged each class member $2.50 for using ATMs S1A5260 and S1A5261 during the Class Period. Class members also share a common interest in the question of whether Defendant's fee notices violated EFTA. Because class members share common questions of law and fact, the commonality prong of Rule 23(a) is met.").

[20] FED. R. CIV. P. 23(a)(3).

[21] *Clark v. Retrieval Masters Creditors Bureau*, 185 F.R.D. 247, 249 (N.D. Ill. 1998) (*quoting De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

Here, Plaintiff's claims cannot be factually distinguished from the claims of the absent putative class members, because each claim arises from identical conduct, *i.e.*, Defendant's failure to post a fee notice on the ATM but still charge a $2.00 transaction fee. Each claim is also based on the same legal theory, whether Defendant violated § 1693b(d)(3) of the EFTA.

Because commonality and typicality are closely related, a finding of one often results in a finding of the other.[22] Here, typicality is inherent in the class claims asserted. All of the class members' claims arise from the common issue of whether Defendant violated the EFTA.[23] Accordingly, Plaintiff has met the typicality requirement of Rule 23(a)(3).

## Rule 23(a)(4) -- Adequacy of Representation

A class may be certified only if "the representative parties will fairly and adequately protect the interests of the class."[24] To meet the requirements of Rule 23(a)(4), a Plaintiff "cannot have antagonistic or conflicting claims with other members of the class" and "must have a 'sufficient interest in the outcome to ensure vigorous advocacy'" and his attorney "must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously."[25]

---

[22]    *Rosario*, 963 F.2d at 1018 (noting that "[t]he question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality."); *see also Sanders v. OSI Education Services, Inc.*, No. 01-C2081, 2001 U.S. Dist. LEXIS 12578, at *5 (N.D. Ill. Aug. 2, 2001).

[23]    *Burns*, 2006 U.S. Dist. LEXIS 92159, at *26 (finding typicality for EFTA class).

[24]    FED. R. CIV. P. 23(a)(4).

[25]    *Gammon v. GC Services*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (*quoting Riordan*, 113 F.R.D. at 64) (citation omitted)).

First, no conflict or antagonism exists between Plaintiff and the putative class members given the identical nature of their claims.[26] Second, Plaintiff has a clear interest in the successful outcome of the lawsuit as demonstrated by his participation in this contested lawsuit to date and because he seeks to recover damages for himself and the proposed class and. Third, Plaintiff has hired counsel who are active practitioners in consumer class cases with experience, diligence, and commitment to this litigation and to protect the interests of the class.[27] Therefore, Plaintiff and his counsel meet the adequacy requirements of Rule 23(a)(4).[28]

## Rule 23(b)(3) -- Predominance/Superiority

In addition to satisfying Rule 23(a), a Plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires a showing "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is

---

[26]    *Rosario*, 963 F.2d at 1018.

[27]    A cursory review of reported cases in this jurisdiction alone shows that Plaintiff's counsel has been deemed adequate class counsel many times. At no time has Plaintiff's counsel been found to be inadequate class counsel.

[28]    Plaintiff's counsel also meet the requirements of Rule 23(g). Counsel significantly researched the EFTA and its implementing regulations prior to filing Plaintiff's complaint and has been appointed class counsel in other EFTA cases. *See, e.g., Burns,* 2006 U.S. Dist. LEXIS, at *27; *Machiela v. Trizec,* Case No. 05-C3562 (appointed class counsel for settlement purposes under EFTA). Additionally, the following are some examples of decisions where The Consumer Advocacy Center, P.C. was appointed as class counsel in the Northern District of Illinois: *Kort v. Diversified Collection Services, Inc.,* No. 01C-0689, 2001 U.S. Dist. LEXIS 20988, at *8 (N.D. Ill. Dec. 17, 2001), *Hamid v. Blatt Hasenmiller,* No. 00-C4511, 2001 U.S. Dist. LEXIS 20012, at *18 (N.D. Ill. Nov. 30, 2001); *Sanders v. OSI Educ. Services,* No. 01-C2081, 2001 U.S. Dist. LEXIS 12578, at *7 (N.D. Ill. Aug. 3, 2001); *Lang v. Winston & Winston, P.C.,* No. 00-C5516, 2001 U.S. Dist. LEXIS 7480, at *11 (N.D. Ill. May 31, 2001); *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 645 (N.D. Ill. 2003); *Weniger v. Arrow Financial Services,* 03-C6213, 2004 U.S. Dist. LEXIS 26248, at *1-2 (N.D. Ill. Dec. 21, 2004).

superior to the available methods for the fair and efficient adjudication of the controversy."

Plaintiff meets those requirements.

### 1.    *Common Questions of Law or Fact Predominate*

A common question of law or fact predominates when there is a common factual link

between all the class members and the defendant for which the law provides a remedy.[29]  "The

commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3)

are closely related and a finding of one will generally satisfy the other."[30]

Common questions predominate for the class because Defendant's failure to post a fee

notice on its ATM but still charge a transaction fee to non-customer users of the ATM is

<u>identical</u> with regard to all putative class members.  Indeed, each class member's claim "will be

decided predominately, if not entirely, based on common evidence of Defendant's conduct."[31]

Because the EFTA, like the Fair Debt Collection Practices Act and Truth in Lending Act,

is a strict liability statute, Plaintiff and the class members only need to show that a violation

occurred (failure to post the notice) in order to recover statutory damages and disgorgement of

the improperly imposed fees.[32]  In interpreting the purpose behind statutory damages, courts

have said:

---

[29]    *See Daley v. Provena Hospitals*, 193 F.R.D. 526, 529 (N.D. Ill. 2000).

[30]    *See Clark*, 185 F.R.D. at 250 (*citing Villareal v. Snow*, No. 95-C2484, 1996 U.S. Dist. LEXIS 667, at *15 (N.D. Ill. January 16, 1996)).

[31]    *Burns*, 2006 U.S. Dist. LEXIS 92159, at *31.

[32]    ATM operators may not charge a fee if the ATM surcharges are improperly disclosed. *See* 15 U.S.C. § 1693b(d)(3)(C) ("No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (b) . . .

[T]he Bank's foregoing failures to comply with the statute give rise to civil liability under section 915 of the Act. That section provides that any person who fails to comply with any provision of [the Act] with respect to any customer, except for an error resolved in accordance with section 908, is liable to such consumer for actual damages <u>or for a symbolic award. Thus, under the plain terms of the Act, civil liability attaches to all failures of compliance with respect to any provision of the Act.</u>[33]

Because the question of fact (whether the Defendant posted a physical fee notice on the ATM) and the question of law (whether the failure to post such a notice violated the EFTA) would result in liability against Defendant, the questions of fact and law common to the members of the class predominate over any questions affecting only individual members. Further, such a determination would be consistent with the analysis of predominance in *Burns v. First American Bank.*[34]

## 2. A Class Action is Superior to Other Available Methods to Adjudicate this Controversy

"Under Rule 23(b)(3), a class action must . . . be superior to other available methods for the fair and efficient adjudication of the controversy."[35]  A court is required to determine the best available method for resolving the claims in keeping with judicial economy, efficiency, and consistency.[36]  In making a determination of superiority, "[i]t cannot seriously be disputed that a

---

.")

[33]    *Berenson v. National Financial Services, LLC*, 403 F. Supp. 2d 133, 146 (D. Mass. 2005) (*citing Bisbey v. D.C. National Bank*, 793 F.2d 315, 317 (D.C. Cir. 1986)). (Emphasis added).

[34]    "Likewise, any defense raised by Defendant under § 1693m(c) will depend on common issues involving Defendant's intent and its maintenance of procedures reasonably adapted to avoid a violation. Accordingly, questions common to the class predominate over any questions affecting only individual members." *Burns*, 2006 U.S. Dist. LEXIS 92159, at *31-32.

[35]    *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-C1995, 2004 U.S. Dist. LEXIS 5462, *16 (N.D. Ill. Mar. 31, 2004).

[36]    *See Scholes*, 143 F.R.D. at 189.

class action is the most efficient method of adjudicating the claims of numerous class members who, largely unsophisticated and uninformed of their rights, might not otherwise possess the initiative to commence an action on their own behalf."[37] Thus, by maintaining the litigation as a class action, those aggrieved individuals will receive the protections contemplated by law that they otherwise would not; accordingly, the failure to certify a class will result in a failure of justice.[38]

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied.[39]

Furthermore, "courts hold that claims dealing with the legality of standardized . . . conduct are generally appropriate for resolution by means of a class action because the . . . conduct is the focal point of the analysis."[40]

Here, a class action is the superior and most efficient means of assessing the legality of the Defendant's standardized conduct (failing to post a fee notice in violation of the EFTA), because

---

[37]    *Davis v. Suran*, No. 98-C0656, 1998 U.S. Dist. LEXIS 12233, at *11 (N.D. Ill. Aug. 3, 1998).

[38]    *See Villareal*, 1996 U.S. Dist. LEXIS 667, at *16-17 (finding that "[m]ost of the proposed class members are likely to be individual consumers who are unaware of their rights under the FDCPA. Class actions in such cases are favored because, even if aware of their rights, class members may lack the initiative to bring suits individually . . . .")

[39]    *In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

[40]    *Shaver v. Trauner*, No. 97-1309, 1998 U.S. Dist. LEXIS 19648, at *18 (C.D. Ill. July 31, 1998) (citation omitted).

Plaintiff alleges that Defendant acted wrongfully in a manner universal to all putative class members.[41] As a result, as the court stated in *Burns*, "adjudicating the class claims here will take no more effort than it would to adjudicate the claims of Plaintiffs alone."[42] Additionally, few of the consumers charged a transaction fee by Defendant likely are aware of their rights under the law and a class action will protect those rights; the amount of money any class member may recover is small, thus making individual suits unlikely; efficiency favors one litigation; and this case should not present any significant management problems if certified.[43]

## Conclusion

For the foregoing reasons, Plaintiff Thomas Stone requests that this Court certify the following class:

> All persons who, from March 26, 2007 to March 27, 2008, were charged a transaction fee for the use of automated teller machine number S862010, located at Corus Bank, 530 Torrence Ave., Calumet City, IL 60409.

THOMAS STONE, Plaintiff,

By:    /s/ Lance A. Raphael
       One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700

---

[41]    *See Beasley v. Blatt*, No. 93 C 4978, 1994 U.S. Dist. LEXIS 9383, at *13 (N.D. Ill. July 8, 1994).

[42]    *Burns*, 2006 U.S. Dist. LEXIS 92159 at *40.

[43]    *See Cox v. Joe Rizza Ford, Inc.*, No 94-C5688, 1996 U.S. Dist. LEXIS 1581, at *33 (N.D. Ill. Feb. 9, 1996); *Redd v. Arrow Fin. Servs., LLC*, No. 03-C1341, 2004 U.S. Dist. LEXIS 5421, at *17-20 (N.D. Ill. March 31, 2004).

Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THOMAS STONE, individually and on behalf
of all others similarly situated,

        Plaintiff,

      v.

CORUS BANK, N.A.,

        Defendant.

Case No.  1:08-cv-01746

Judge Bucklo

Mag. Judge Denlow

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY REQUESTS

Corus Bank, N.A. ("Corus") responds to Plaintiff Thomas Stone ("Plaintiff")'s First Set of Written Discovery Requests as follows:

## GENERAL OBJECTIONS

The following General Objections are intended to be incorporated by reference into each and every specific discovery response. The absence of a reference to a General Objection in a response to a particular response does not constitute a waiver of any General Objection with respect to that response. The General Objections are as follows:

1.     Corus objects to Plaintiff's discovery requests to the extent they seek discovery of information protected by the attorney-client privilege, the work-product doctrine, a confidentiality agreement with any third party, or any other applicable law, rule, or privilege.

2.     Corus objects to each discovery request to the extent it requests information not within the possession, custody, or control of Corus.

3.    Corus objects to Plaintiff's discovery requests to the extent they seek discovery beyond that contemplated in the Federal Rules of Civil Procedure, including but not limited to discovery requests that are not reasonably calculated to lead to the discovery of admissible evidence.

4.    Corus objects to Plaintiff's discovery requests to the extent they seek documents or information that already are in Plaintiff's possession, publicly available, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.    Corus objects to Plaintiff's discovery requests to the extent that they call for the production of documents or information that would reveal confidential information.

6.    Corus objects to Plaintiff's discovery requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, or cumulative.

7.    To the extent that Corus responds to any of the Plaintiff's discovery requests, it is in an effort to expedite discovery in this action and is not an indication or admission of the relevance, materiality, or admissibility of the information contained in the response.

8.    As discovery (and Corus' investigation) is ongoing, Corus reserves the right to supplement these responses.

## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Corus responds as follows:

**INTERROGATORY NO. 1:** Identify the person(s) who provided information in responding to these interrogatories and the separate requests for admissions of fact, and identify the particular interrogatory(ies) and/or requests for admission of fact for which each person provided information.

**RESPONSE:** In addition to its General Objections, Corus objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product privilege. Subject to these objections, and without waiving any objection, Corus states that these interrogatories were prepared by Corus' outside counsel, with information provided by Randy Curtis, Michele Hemerly and Mary Jo Selgrat.

**INTERROGATORY NO. 2:** Identify each person with whom Defendant has consulted relating to its pending dispute with Plaintiff.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is overly broad and unduly burdensome to the extent it is not limited to any particular class of persons, (ii) is vague and ambiguous, particularly with respect to the term "consulted," and (iii) is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, and without waiving any objection, Corus refers to its Rule 26(a)(1) disclosures.

**INTERROGATORY NO. 3:** Identify each person with knowledge relating to the claims in the Complaint and/or defenses thereto and for each person, identify the subject(s) on which each person has knowledge.

**RESPONSE:** In addition to the General Objections set forth above, and without waiving any objection, Corus refers to those persons referred to in its Rule 26(a)(1) disclosures.

**INTERROGATORY NO. 4:** State the factual basis, in detail, for Defendant's denial of liability to Plaintiff in this case.

**RESPONSE:**    In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) calls for a legal conclusion and (ii) is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:** State the factual basis, in detail, for Defendant's denial that Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, should be certified.

**RESPONSE:**    In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) calls for a legal conclusion and (ii) is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:** For the time period subsequent to March 26, 2008, identify whether, and if so when, Defendant installed, removed, altered and/or modified a Fee Notice on the ATM and, if so, identify the circumstances that lead to the decision to install, remove, alter or modify a Fee Notice and the process for installing, removing, altering and/or modifying the Fee Notice.

**RESPONSE:**    In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is vague and ambiguous, particularly with respect to the terms "circumstances" and "process," and (ii) is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving any objection, Corus states that it placed an external Fee Notice on the ATM on March 27, 2008.

**INTERROGATORY NO. 7:** For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, identify all transactions by date, time, type and ATM Fee amount (if any) charged for use of the ATM.

**RESPONSE:**    In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is vague, ambiguous, and non-sensical; (ii) is overly broad and unduly burdensome, and (iii) is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection and subject to all of these objections, pursuant to Fed.

R. Civ. P. 33(d), Corus will produce documents from which Plaintiff may be able to ascertain additional information responsive to this interrogatory.

**INTERROGATORY NO. 8:** For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, identify the number of transactions for which Defendant charged an ATM Fee for use of the ATM.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is vague, ambiguous, and non-sensical; (ii) is overly broad and unduly burdensome, and (iii) is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection and subject to all of these objections, pursuant to Fed. R. Civ. P. 33(d), Corus will produce documents from which Plaintiff may be able to ascertain additional information responsive to this interrogatory.

**INTERROGATORY NO. 9:** State the date(s) on which you installed the ATM.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it is not calculated to lead to the discovery of admissible evidence. Subject to these objections, and without waiving any objection, Corus states that the ATM was installed on or about February 7, 2006.

**INTERROGATORY NO. 10:** State the date(s) on which you inspected the ATM for compliance with the EFTA and/or Reg. E.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is vague and ambiguous, particularly with respect to the terms "inspected" and "compliance," (ii) is overly broad and unduly burdensome in that it references compliance with the entirety of the EFTA and Reg. E, and (iii) is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:** State, in detail, your procedures, if any, for verifying that the ATM is compliant with the EFTA (as related only to Fee Notices) and/or Reg E (as related only to Fee Notices) and identify any modifications to those procedures within the past year.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is vague and ambiguous, particularly with respect to the terms "procedures" and "compliant," (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) is duplicative and redundant.

**INTERROGATORY NO. 12:** Identify all automated teller machines operated by you, if any, that did not, at any time since March 26, 2007, have a Fee Notice.

**RESPONSE:** All Corus ATMs have had a Fee Notice at some time since March 26, 2007.

**INTERROGATORY NO. 13:** Identify all oral and written communications related to Fee Notices on any automated teller machine operated by you since March 26, 2007.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is overly broad and unduly burdensome to the extent it is not limited to any particular class of persons, (ii) is vague and ambiguous, particularly with respect to the term "related," and (iii) is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection and subject to all of these objections, pursuant to Fed. R. Civ. P. 33(d), Corus will produce documents from which Plaintiff may be able to ascertain additional information responsive to this interrogatory.

**INTERROGATORY NO. 14:** Identify each person with any responsibility for posting, verifying and/or maintaining notices, including Fee Notices, on the ATM.

**RESPONSE:** Michele Hemerly.

**INTERROGATORY NO. 15:** State your net worth.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it is (i) overly broad and unduly burdensome, and (ii) vague and

ambiguous, particularly with respect to the term "net worth." Subject to these objections, and

without waiving any objection, Corus responds that it is a publicly held corporation with readily

accessible public financial records.

**INTERROGATORY NO. 16:** Identify all employees of Defendant that have worked at
the Subject Branch at any time during the period March 26, 2005 through March 26, 2008,
including the dates of hire by, and separation from, Defendant.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this

Interrogatory because it: (i) is overly broad and unduly burdensome and (ii) is not reasonably

calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17:** Identify which of the employees, if any, identified in
response to Interrogatory No. 16 have ever used the ATM during the period March 26, 2005
through March 26, 2008.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this

Interrogatory because it: (i) is overly broad and unduly burdensome, (ii) is not reasonably

calculated to lead to the discovery of admissible evidence, and (iii) seeks information that is not

in Corus' possession, custody, or control. Corus responds further that it does not have in its

possession, control or custody any records of personally identifying information for persons who

transact at its ATMs, either for employees or otherwise.

**INTERROGATORY NO. 18:** Identify which of the employees, if any, identified in
response to Interrogatory No. 16 saw the ATM during the period March 26, 2005 through March
26, 2008.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this

Interrogatory because it: (i) is overly broad and unduly burdensome, (ii) is not reasonably

calculated to lead to the discovery of admissible evidence, and (iii) is vague and ambiguous,

particularly with respect to the term "saw."

**INTERROGATORY NO. 19:** Identify each person whom you expect to call at trial and state the subject matter on which such person is expected to testify.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this Interrogatory because it: (i) is premature at this stage of the litigation, (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) includes matters protected by the attorney-client and work product privileges.

## REQUESTS TO PRODUCE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Corus responds as follows:

1.      All documents related to Plaintiff.

**RESPONSE:** In addition to its General Objections, Corus objects to this request as unduly burdensome and overbroad. Corus further objects to this request insofar as it seeks information outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus responds that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

2.      All documents consulted in responding to these Written Discovery Requests.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is (i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) seeks documents protected by the attorney-client and work product privileges. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

3.      All photographs and videos of the ATM.

**RESPONSE:** In addition to its General Objections, Corus objects to this request as unduly burdensome and overbroad. Corus further objects to this request insofar as it seeks information

outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

4.    All photographs and videos of any automated teller machine operated by you since March 26, 2005.

**RESPONSE:**   In addition to its General Objections, Corus objects to this request as unduly burdensome and overbroad. Corus further objects to this request insofar as it seeks information outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

5.    Copies of all Fee Notices on the ATM.

**RESPONSE:**   In addition to its General Objections, Corus objects to this request as unduly burdensome and overbroad. Corus further objects to this request insofar as it seeks information outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

6.    Copies of all transaction records showing use of the ATM by employees of Defendant that have worked at the Subject Branch at any time during the period March 26, 2005 through March 26, 2008.

**RESPONSE:**   In addition to the General Objections set forth above, Corus objects to this Request because it: (i) is overly broad and unduly burdensome, (ii) is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) seeks information that is not in Corus' possession, custody, or control. Moreover, Corus responds that it does not have in its possession, control or custody any records of personally identifying information for persons who transact at its ATMs, for employees or otherwise.

7.    Copies of each different form Fee Notice used on your automated teller machines.

**RESPONSE:** In addition to its General Objections, Corus objects to this request as unduly

burdensome and overbroad. Corus further objects to this request insofar as it seeks information

outside of Corus' possession, custody, or control. Subject to and without waiving its objections,

Corus states that it will produce relevant non-privileged, non-confidential documents responsive

to this Request to the extent such documents exist.

8.    For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, all documents identifying all transactions by date, time, type and ATM fee amount (if any) charged for use of the ATM.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this request

because it: (i) is vague, ambiguous, and non-sensical; and (ii) is overly broad and unduly

burdensome. Subject to and without waiving its objections, Corus states that it will produce

relevant non-privileged, non-confidential documents responsive to this Request to the extent

such documents exist.

9.    For the time period one (1) year prior to the filing of this case through the date subsequent to March 26, 2008 on which a Fee Notice disclosing that an ATM Fee may be charged for using the ATM, all documents identifying the number of transactions for which Defendant charged an ATM Fee for use of the ATM.

**RESPONSE:** In addition to the General Objections set forth above, Corus objects to this request

because it: (i) is vague, ambiguous, and non-sensical; and (ii) is overly broad and unduly

burdensome. Subject to and without waiving its objections, Corus states that it will produce

relevant non-privileged, non-confidential documents responsive to this Request to the extent

such documents exist.

10.    All records related to the installation, inspection, cleaning, maintenance, modification or replacement of the ATM.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is (i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) seeks information outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

11.    All documents related to your outsourcing, if any, of the installation, inspection, cleaning, maintenance, modification and/or replacement of the ATM.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is (i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) seeks information outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

12.    All documents related to Fee Notices on any automated teller machine operated by you since March 26, 2005.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is (i) unduly burdensome and overbroad, and (ii) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

13.    All documents related to the installation, inspection, cleaning, maintenance, modification or replacement of any automated teller machine operated by you since March 26, 2005.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is (i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to

lead to the discovery of admissible evidence, and (iii) seeks information outside of Corus'

possession, custody, or control. Subject to and without waiving its objections, Corus states that

it will produce relevant non-privileged, non-confidential documents responsive to this Request to

the extent such documents exist.

14.    All documents related to your outsourcing, if any, of the installation, inspection, cleaning, maintenance, modification and/or replacement of any automated teller machine operated by you since March 26, 2005.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is

(i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to

lead to the discovery of admissible evidence, and (iii) seeks information outside of Corus'

possession, custody, or control. Subject to and without waiving its objections, Corus states that

it will produce relevant non-privileged, non-confidential documents responsive to this Request to

the extent such documents exist.

15.    All documents supporting your denial of liability in this case.

**RESPONSE:** Subject to and without waiving its objections, Corus states that it will produce

relevant non-privileged, non-confidential documents responsive to this Request to the extent

such documents exist.

16.    All documents supporting your denial that Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, should be certified.

**RESPONSE:** Subject to and without waiving its objections, Corus states that it will produce

relevant non-privileged, non-confidential documents responsive to this Request to the extent

such documents exist.

17.    All documents related to your procedures, if any, for verifying compliance with the EFTA (as related only to Fee Notices) and/or Reg E (as related only to Fee Notices).

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is

unduly burdensome and overbroad. Subject to and without waiving its objections, Corus states

that it will produce relevant non-privileged, non-confidential documents responsive to this

Request to the extent such documents exist.

18.    All documents related to all, if any, complaints, demands, claims, actions and/or investigations against you alleging a violation(s) of the EFTA (as related only to Fee Notices) and/or Reg E (as related only to Fee Notices).

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is

unduly burdensome and overbroad. Subject to and without waiving its objections, Corus states

that it will produce relevant non-privileged, non-confidential documents responsive to this

Request to the extent such documents exist.

19.    All documents identifying your net worth.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is

(i) unduly burdensome and overbroad, and (ii) given that Corus is a publicly held company, these

documents are publicly available and readily accessible.

20.    All exhibits you intend to use at trial.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is

(i) premature, (ii) unduly burdensome and overbroad, (iii) seeks information that is not

reasonably calculated to lead to the discovery of admissible evidence, (iv) seeks information

outside of Corus' possession, custody, or control, and (v) seeks information that is protected

under the attorney-client and work product privileges.

21.    All documents related to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment, if any, that may be entered against you in this case.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is

(i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to

lead to the discovery of admissible evidence, and (iii) seeks information outside of Corus'

possession, custody, or control.

22.    All documents related to any indemnification and/or contribution agreement under which any person may be liable to indemnify you, in whole or in part, or contribute to you for payments made to satisfy a judgment, if any, that may be entered against you in this case.

**RESPONSE:** In addition to its General Objections above, Corus objects to this request as it is (i) unduly burdensome and overbroad, (ii) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) seeks information outside of Corus' possession, custody, or control. Subject to and without waiving its objections, Corus states that it will produce relevant non-privileged, non-confidential documents responsive to this Request to the extent such documents exist.

## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Corus responds as follows:

**REQUEST FOR ADMISSION NO. 1:** On December 28, 2007, you had a policy of charging an ATM fee for use of the ATM with a debit or credit card not issued by you.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 2:** You are the operator of the ATM.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:** From the date the ATM was installed through March 26, 2008, you were the operator of the ATM.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** Prior to December 28, 2007, you had not posted a Fee Notice on the ATM.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 5:** Prior to March 26, 2008, you had not posted a Fee Notice on the ATM.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the ATM.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:** Prior to March 26, 2008, you had no procedures implemented to verify compliance with 15 U.S.C. § 1693b(d)(3)(B)(i) as related to the ATM.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because it is vague and ambiguous, particularly with respect to the term "procedures," and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 8:** Prior to March 26, 2008, you had no procedures implemented to verify compliance with 15 U.S.C. § 1693b(d)(3)(B)(i) as related to any automated teller machine operated by you.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 9:** On March 26, 2008, your net worth exceeded $50,000,000.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 10:** During the year prior to March 26, 2008, you did not comply with 15 U.S.C. § 1693b(d)(3)(B)(i) as related to the ATM.

**RESPONSE:** Corus admits that there was no Fee Notice on or at the ATM during the year prior to March 26, 2008; Corus denies all remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION NO. 11:** During the year prior to March 26, 2008, you did not comply with 12 C.F.R. § 205.16(c)(1) as related to the ATM.

**RESPONSE:** Corus admits that there was no Fee Notice on or at the ATM during the year prior to March 26, 2008; Corus denies all remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION NO. 12:** During the year prior to March 26, 2008, you charged more than 100 users of the ATM an ATM Fee.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 13:** During the year prior to March 26, 2008, you charged more than 100 users of the ATM an ATM fee during a time when there was not a Fee Notice posted on the ATM.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 14:** The number of putative class members in Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, is so numerous that joinder of all putative class members is impracticable.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 15:** The number of putative class members in Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, satisfies the numerosity requirement of Federal Rule of Civil Procedure 23.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 16:** The questions of law and fact affecting Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, are common to all putative members of Class.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 17:** The questions of law and fact affecting Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint, predominate over any questions affecting only individual putative members of Class.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 18:** Plaintiff's claims are typical of the putative members of Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint in this case.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 19:** Plaintiff is an adequate class representative for Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint.

**RESPONSE:** After conducting a reasonable inquiry of known and readily obtainable

information, Corus states that it lacks sufficient information to admit or deny the above

statement, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 20:** You have no evidence that Plaintiff is not an adequate class representative for Plaintiff's proposed Class, as defined in paragraph 12 of the Complaint.

**RESPONSE:** After conducting a reasonable inquiry of known and readily obtainable information, Corus states that it lacks sufficient information to admit or deny the above statement, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 21:** Plaintiff's counsel in this case is adequate class counsel.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22:** You have no evidence that Plaintiff's counsel in this case is not adequate class counsel.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 23:** From the date the ATM was installed through March 26, 2008, one or more of your employees saw the ATM each day that you were open for business.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because it (i) is vague and ambiguous, particularly with respect to the term "saw" and (ii) is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Corus denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 24:** From the date the ATM was installed through March 26, 2008, one or more of your employees saw the ATM each month that you were open for business.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because it (i) is vague and ambiguous, particularly with respect to the term "saw" and (ii) is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Corus denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 25:** During the year prior to March 26, 2008, one or more of your employees used the ATM each month that you were open for business.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Corus responds that it does not have in its possession, control or custody any records of personally identifying information for persons who transact at its ATMs, either for employees or otherwise, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 26:** From the date the ATM was installed through March 26, 2008, one or more of your officers saw the ATM each day that you were open for business.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Corus states that it does not have knowledge as to whether one or more of its officers saw the ATM each day during the time period specified in the Request, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 27:** From the date the ATM was installed through March 26, 2008, one or more of your officers saw the ATM each month that you were open for business.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Corus states that it does not have knowledge as to whether one or more of its officers saw the ATM each month during the time period specified in the Request, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 28:** During the year prior to March 26, 2008, one or more of your officers used the ATM each month that you were open for business.

**RESPONSE:** In addition to its General Objections, Corus objects to this Request because (i) it is vague and ambiguous, particularly the term "used," and (ii) is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Corus

responds that it does not have in its possession, control or custody any records of personally

identifying information for persons who transact at its ATMs, either for employees or otherwise,

and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 29:** The document attached hereto as **Exhibit A** accurately reflects each automated teller machine operated by you during the period March 26, 2007 through March 26, 2008.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 30:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Calumet City Branch, 925 Burnham, Calumet City, IL.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 31:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Lobby" automated teller machine at your Downtown Branch, 10 South Riverside, Chicago, IL.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 32:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Street" automated teller machine at your Downtown Branch, 10 South Riverside, Chicago, IL.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 33:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Lakeview Branch, 3179 North Clark, Chicago, IL.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 34:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Lakeview Branch, 3179 North Clark, Chicago, IL.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 35:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Street" automated teller machine at your Lakeview Branch, 3179 North Clark, Chicago, IL.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 36:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Lincoln Park Branch, 2401 North Halsted, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 37:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Lincoln Park Branch, 2401 North Halsted, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 38:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Lincoln Square Branch, 2420 West Lawrence, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 39:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Lobby" automated teller machine at your Lincoln Square Branch, 2420 West Lawrence, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 40:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Niles Branch, 9190 West Golf Road, Niles, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 41:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Niles Branch, 9190 West Golf Road, Niles, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 42:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your North Center Remote Branch, 3940 North Damen, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 43:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Lobby" automated teller machine at your North Center Remote Branch, 3940 North Damen, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 44:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your River Forest Branch, 7727 West Lake Street, River Forest, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 45:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Wheeling Branch, 125 McHenry Road, Wheeling, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 46:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Vestibule" automated teller machine at your Wrigleyville Branch, 3604 North Southport, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 47:** From March 26, 2007 through March 26, 2008, there was not a Fee Notice on the "Drive-Up" automated teller machine at your Wrigleyville Branch, 3604 North Southport, Chicago, IL.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 48:** Prior to December 28, 2006, you had not posted a Fee Notice on the ATM.

**RESPONSE:**    Admitted.

**REQUEST FOR ADMISSION NO. 49:** Prior to December 28, 2005, you had not posted a Fee Notice on the ATM.

**RESPONSE:**    Denied.

Dated: June 16, 2008

Respectfully submitted,

Ja[m]es R. Daly
Matthew E. Szwajkowski
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Fax: (312) 782-8585

Attorneys for Defendant,
CORUS BANK, N.A.

## CERTIFICATE OF SERVICE

 I, Matthew E. Szwajkowski, an attorney, certify that on June 16, 2008, I served Defendant Corus Bank, N.A.'s **Response to Plaintiff's First Set of Written Discovery Requests** via Email and Federal Express Overnight Delivery on the following counsel of record:

 Lance A. Raphael
 Stacy M. Bardo
 Allison Krumhorn
 The Consumer Advocacy Center, P.C.
 180 W. Washington St., Ste. 700
 Chicago, IL 60602
 lance@caclawyers.com