**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS STONE, individually and on behalf of all others similarly situated, | Case No.  1:08-cv-01746 |
| Plaintiff, | Judge Bucklo |
| v. | Magistrate Judge Denlow |
| CORUS BANK, N.A., | |
| Defendant. | |

## DEFENDANT CORUS BANK, N.A.'S RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CROSS-MOTION FOR CERTIFICATION OF STATUTORY DAMAGES CLASS

In this case, plaintiff Thomas Stone alleges that he used a Corus Bank, N.A. automatic teller machine ("ATM") which "failed to comply with the notice requirements" of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*  Specifically, the EFTA requires an ATM operator to provide notice to consumers when a fee is being imposed and the amount of any such fee.  An ATM operator must provide such notice on the machine itself and on the display screen before the consumer is irrevocably committed to completing the transaction. Stone contends the Corus ATM he used—ATM number S862010, located at 530 Torrence, Calumet City, Illinois—charged him a $2.00 fee to withdraw money, and while it did display the fee on the screen before Stone committed to completing the transaction, it did not bear a sign disclosing the fee.  (Dkt. No. 1. ¶¶ 8-10.)  In the instant motion, Stone and his counsel ask the court to certify a Rule 23(b)(3) class, as to both actual and statutory damages under the EFTA, but limited to people who used the particular ATM Stone used.  (Dkt. No. 38 at 12.)

What the motion does not recite, but what this Court already knows, is that the *same lawyer* representing Stone here has also filed three other cases, alleging the *same EFTA violations*, by the *same defendant*, in connection with 18 other ATMs throughout the Chicagoland area. *Gloria Rodriguez v. Corus Bank, N.A.*, 08 C 2254 (Dow, J.) (filed April 21, 2008); *Kistner v. Corus Bank*, 08 C 2797 (Norgle, J.) (filed May 14, 2008); and *Victor Rodriguez v. Corus Bank*, 08 C 3511 (Kocoras, J.) (filed June 19, 2008). While in two of those cases (*Gloria Rodriguez* and *Kistner*) the plaintiffs also seek certification of classes limited to a single machine, in the third (*Victor Rodriguez*) the plaintiff seeks certification of a class encompassing 16 different ATMs – offering only one named plaintiff, who used only one machine, as the putative class representative for all machines.[1]

As the Court is also aware, Corus has already *consented to class treatment* in this case, albeit not the exact class Stone requests. (Dkt. No. 35.) Corus respectfully submits that Stone's requested class should be modified in two ways:

- First, Corus respectfully submits that there is no reason to limit the class in this case to users of a single ATM. There are three other pending cases involving Corus ATMs, one of which offers only a single class representative, who used only one machine, to represent users of 16 machines. There is simply no reason in law or logic to require all four of these actions to proceed separately. The questions of fact and law common and predominant under Rule 23 to a one-ATM class for statutory damages are equally common and predominate to a class covering all 19 Corus ATMs involved in those suits, and as the *Victor Rodriguez* suit concedes, precedent from this District confirms that certification of a multi-machine EFTA class for statutory damages is entirely appropriate. *Burns v. First American Bank*, 04 C 7682, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006).

- Second, as other courts have recognized (including one court in this District), while statutory damages under the EFTA are appropriate for Rule 23(b)(3) class treatment, actual damages (or what Stone's motion refers to as "disgorgement" (Dkt. No. 38 at

---

[1] Corus has moved, pursuant to N.D. Ill. L.R. 40.4, to treat those three other cases as related to this one, and asked that they be transferred to this court. (Dkt. No. 17, 20, 32.)

9)) are not.[2]  The EFTA requires a showing of proximate causation to recover actual damages, and the caselaw is clear that such an inquiry is inherently an individualistic one, not susceptible of class treatment.

For these reasons, as set out more fully below, Corus respectfully requests that this Court certify a Rule 23(b)(3) class in this matter, for purposes of statutory damages under the EFTA only, defined as follows:

> All persons who paid a transaction fee, from March 26, 2007 to March 27, 2008, for use of any of the following Corus Bank, N.A. ATMs:  S862001, S862002, S862003, S862004, S862005, S862006, S862007, S862008, S862009, S862010, S862011, S862012, S862013, S862014, S862015, S862018, S862019, S862021, or S862022.

Stone's motion for class certification should otherwise be denied.

## ARGUMENT

While it is perhaps somewhat unusual for a defendant to propose a class for certification, it is, where appropriate, perfectly permissible under Rule 23.  Rule 23(c)(1)(A) makes clear that what class a plaintiff requests is not controlling; "*the court* must determine by order whether to certify [an] action as a class action." (emphasis added); *see also Pudela v. Swanson*, 91 C 3559, 1996 WL 754106, *3 (N.D. Ill. Dec. 31, 1996) (stating that defendants could move for class certification); 3 Newberg on Class Actions § 7:6 (4th ed.) ("[i]n rare cases, the defendant may move for certification of a plaintiff class").

Certification of the class Corus proposes is absolutely appropriate here; indeed, the facts and procedural history of this case, and the three other cases plaintiff's counsel has filed against Corus, cry out for unified treatment.  It is black-letter law that the very *raison d'etre* for class

---

[2] "Disgorgement" is not a remedy available under the EFTA.  *See* 15 U.S.C. § 1693m. However, what Stone's motion refers to as disgorgement—the return of the $2 fee paid by ATM users—is actually a component of "actual damages," which are available under the EFTA.  *Id.* § 1693m(a)(1) (providing for an award in an EFTA case of "actual damage sustained by [a] consumer as a result of" defendant's failure to comply with EFTA requirements); *Bartashnik v. Bridgeview Bancorp, Inc.*, 05 C 2731, 2005 WL 3470315 at *3 (N.D. Ill. Dec. 15, 2005).

actions is efficiency. *E.g.*, *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (noting

that a "principal purpose" of the class action procedure is to advance "the efficiency and

economy of litigation"); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill.

1992) (noting that class treatment is designed to achieve "judicial economy and efficiency, as

well as consistent judgments"). There is simply no reason to require Corus or the courts to deal

with four different cases when the issues involved could, and should, be tried together in one

class action that subsumes all 19 Corus ATMs on which plaintiff's counsel has sued.[3] Corus's

proposed class—for all 19 Corus ATMs, and for purposes of adjudicating statutory damages

under the EFTA only—should be certified.

**I.　　CORUS'S PROPOSED CLASS SHOULD BE CERTIFIED.**

　　Corus's proposed class, a statutory damages only class covering all 19 Corus ATMs on

which plaintiff's counsel has brought suit, meets all the requirements of Rule 23(a), and also the

requirements of Rule 23(b)(3). It should be certified. *See Burns*, 2006 WL 3754820 at *12.

**　　A.　　Corus's Proposed Class Fulfills the Requirements of Fed. R. Civ. P. 23(a).**

**　　　　1.　　Fed. R. Civ. P. 23(a)(1) – Numerosity.**

　　The first prerequisite for the certification of a class action is that the "class is so

numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This

requirement is easily satisfied. Stone has argued that the number of persons charged a fee for

conducting transactions at the Torrence ATM during the relevant class period is too numerous

for joinder. (Dkt. No. 38 at 4-5.) The case for a finding of numerosity is even more compelling

---

[3] Perhaps the easiest way to accomplish this would be for this Court to grant Corus's motion for related case treatment, and then consolidate all four cases under the aegis of the broad class Corus requests be certified in this case, perhaps permitting plaintiffs to submit a consolidated amended complaint to cover all 19 ATMs. *See* Fed. R. Civ. P. 42(a). If desired, the four named plaintiffs in the pending cases (Thomas Stone, Gloria Rodriguez, Joan Kistner, and Victor Rodriguez) could serve as class representatives in this single consolidated class action.

with a class encompassing the users of *all nineteen* Corus ATMs that allegedly did not carry the required external signage disclosing the $2 fee for use. *See also Burns*, 2006 WL 3754820, at *7.

### 2.    Fed. R. Civ. P. 23(a)(2) – Commonality.

Class certification also requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Corus's proposed class meets this requirement, too. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The fee charged at all 19 Corus ATMs on which plaintiff's counsel has sued was the same, $2.00. The alleged EFTA violation, failure to display a sign on the outside of the ATM disclosing the fee, is also the same. Accordingly, the common issues Stone's motion recites for a one-ATM class are equally common to a class involving all 19 Corus ATMs: (1) whether Corus posted notice that it would charge a $2.00 transaction fee for use of the ATM; (2) whether Corus charged a $2.00 transaction fee for use of the ATM when no fee notice was posted; and (3) whether Corus's (alleged) charging of a transaction fee without posting a fee notice violated the EFTA. (Dkt. No. 38 at 6); *see also Burns*, 2006 WL 3754820 at *7 (commonality prong in an EFTA statutory damages case satisfied by questions of what transaction fee was charged and whether improper notice of the fee violated the EFTA).

### 3.    Fed. R. Civ. P. 23(a)(3) – Typicality.

Similarly, a class may only be certified if the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement is also satisfied by Corus's proposed class. It is uncontested that liability for statutory damages does not depend upon confusion or the state of mind of each class member, and that "each class member's claim requires proof only that the EFTA was violated." *Burns*, 2006 WL 3754820 at *9. And, just as Stone suggests as to his one-machine class, his "claims

-5-

cannot be factually distinguished from the claims of absent" members of Corus's larger class: "each claim arises from identical conduct, *i.e.*, [Corus's alleged] failure to post a fee notice on" ATMs while "still charg[ing] a $2.00 transaction fee."  (Dkt. No. 38 at 7); *see also Burns*, 2006 WL 3754820 at *8.

### 4.    Fed. R. Civ. P. 23(a)(4) – Adequacy of Representation

Finally, "the representative parties [must] fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy of representation element has three requirements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the named representative must have a sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously.  *See Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995).  In addition, "[t]o have standing to sue as a class representative it is essential that a plaintiff must be part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents."  *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974).

Again, just as Stone argues this requirement is met for a single-machine class, it is also met for Corus's broader class.  As the complaint in *Victor Rodriguez* admits (*see* Dkt. No. 34 & Ex. A), a single plaintiff who used a single Corus ATM is amply able to represent all Corus ATM users.  And the lawyers Stone says are adequate to represent his single-machine class are the same lawyers for cases involving all the other machines.  (Dkt. No. 38 at 7-8); *see also Burns*, 2006 WL 3754820 at *8 (finding adequacy prong of Rule 23 satisfied in a multi-machine EFTA case where "the class representatives have the same stake in the outcome of this action as other

class members" and plaintiffs' claims "are not antagonistic to or conflicting with the claims of other class members.")

**B.    Corus's Proposed Class Also Fulfills The Requirements of Fed. R. Civ. P. 23(b)(3)**

In addition to the requirements of Rule 23(a), a certified class must meet the strictures of one of the provisions contained in Rule 23(b).  Certification of Corus's proposed class is proper here pursuant to Rule 23(b)(3).  Corus's class satisfies both the predominance and superiority requirements of that rule.

**1.    Common Questions of Law or Fact Predominate For A Statutory Damages Class Action Encompassing All Users of Nineteen Corus ATMs Who Were Charged A Transaction Fee.**

The predominance criterion, which is "far more demanding" than the commonality requirement of Rule 23(a)(2), "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchen Products, Inc. v. Windsor,* 521 U.S. 591, 623-624 (1997).  Essentially, "predominance is concerned with whether the putative named plaintiffs can, through their individualized cases, offer proof on a class-wide basis." *See Hyderi v. Washington Mutual Bank, F.A.*, 235 F.R.D. 390, 398 (N.D. Ill. 2006).

This requirement is easily met by Corus's class, which is limited to statutory damages only.  That is because "[a] claim for statutory damages under [the] EFTA does not require each class member to prove that he saw the notice. . . [or that he] was confused by the notice or would not have proceeded with the transaction [if the violation had not occurred]." *Burns*, 2006 WL 3754820 at *9.  Moreover, the statutory damages claims of a putative class are "decided predominately, if not entirely, based on common evidence of Defendant's conduct" and are therefore appropriate for certification.  *See id.*

2.    **A Statutory Damages Class Action Encompassing All Users Of Nineteen Corus ATMs Who Were Charged A Transaction Fee Is Superior To Other Available Methods For Fair And Efficient Adjudication Of The Controversy.**

Similarly, just as Stone argues for his single-machine class, Corus's proposed class satisfies the superiority requirement. As Stone's own motion recites (Dkt. No. 38 at 10), the "court is required to determine the best available method for resolving the claims in keeping with judicial economy, efficiency, and consistency." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992); *Roth v. Aon Corp.*, 238 F.R.D. 603, 608 (N.D. Ill. 2006)("'[j]udicial economy and efficiency' will be promoted by certifying this class, and resolving these matters in one suit"); *Levitan v. McCoy*, 00 C 5096, 2003 WL 1720047 at *7 (N.D. Ill. Mar. 31, 2003) ("[u]nder these circumstances, class certification is the best way to manage this situation which could otherwise disintegrate into piecemeal adjudication of many [actions] involving essentially identical questions of law and fact.") Stated more explicitly, "the avoidance of a multiplicity of litigation is one consideration in deciding whether a class action should be allowed." *See Hohmann v. Packard Instrument Co.*, 399 F.2d 711, 714 (7th Cir. 1968). As set out more fully below, Corus's class—which would allow adjudication of all 19 Corus ATMs in one suit, rather than four—actually *better* satisfies the superiority requirement of Rule 23(b)(3) than does Stone's piecemeal, one-machine class. *See also Burns*, 2006 WL 3754820 at *12 (stating, in a multi-machine EFTA case, that after "[w]eighing the various efficiencies against the potential problems, this Court finds that a class action is the superior method for resolving this controversy").

\*        \*        \*

Thus, because Corus's proposed 19 ATM, statutory-damages only class "meet[s] the requirements of Rule 23(a) and (b)(3)," just as did the multi-machine EFTA class certified in *Burns*, the Court should satisfy Corus's proposed class.  *See Burns*, 2006 WL 3754820 at *12.

## II. PLAINTIFF'S CLASS, WHICH WOULD INCLUDE ACTUAL DAMAGES, AND BE LIMITED TO ONLY ONE ATM, SHOULD NOT BE CERTIFIED.

Although it is probably implicit in the above discussion, it bears emphasis that Stone's proposed class is deficient, and should not be certified, for two reasons.  *First*, Stone seeks to adjudicate actual damages in a Rule 23(b)(3) class—and that is improper.  *Second*, as Stone himself (ironically) admits, "efficiency favors one litigation."  (Dkt. No. 38 at 12.)  Accordingly, Stone's proposed class, which would be limited to one ATM—and which would leave the three other cases his lawyer filed affecting 18 other ATMs to be handled separately, even though they involve the same questions, the same defendant, and the same lawyers—should be rejected.

### A. The Proof Of Reliance And Confusion Required To Establish Actual Damages Doom Certification As To That Issue.

As cases where Stone's own lawyer was counsel of record confirm, Rule 23(b)(3) class certification in an EFTA case is an appropriate way to handle a claim for statutory damages—but not actual damages.

In *Polo v. Goodings, Inc.*, 232 F.R.D. 399 (M.D. Fla. 2004), the court denied class certification where plaintiff sought actual damages under the EFTA.  As the court explained, in finding the predominance and superiority requirements of Rule 23(b)(3) not met, "[p]roof of actual compensatory damages normally requires proof of an actual harm suffered by each consumer," and there is no authority for the proposition "that EFTA excuses plaintiffs from proving that their actual damages flowed from a detrimental reliance on erroneous fee postings." *Id.* at 408; *see also* 15 U.S.C. § 1693m (permitting recovery of "actual damage sustained by such consumer *as a result of*" EFTA violations).  In *Polo*, the ATMs at issue had signs posted

indicating a transaction fee of one amount, but the machines charged fees in a higher amount. The court noted that, to adjudicate actual damages, it would have to determine (1) whether each consumer actually saw and relied on an improper notice in deciding to proceed with the ATM transaction; (2) if so, whether the consumer would have proceeded with that transaction had the notices all been correct; and (3) whether the consumer actually paid the fee without reimbursement. *Id.*

Similarly, here, while the accused Corus ATMs did not have any external signage, each warned customers on a screen, before they completed their transaction, about the transaction fee and stated the correct $2.00 amount. (Dkt. No. 16 ¶ 10.) So, to adjudicate actual damages, this Court would have to—among other things—determine (1) whether each consumer actually relied on the lack of external signage, or instead was adequately informed about the transaction fee by the warning on the screen; (2) whether the consumer proceeded with the transaction despite being fully informed of the fee; (3) whether the consumer actually paid the fee without reimbursement;[4] (4) whether the consumer was charged a fee and subsequently used the ATM with notice of the fee; and (5) whether the consumer discerned the lack of external signage.[5] In such circumstances, as the *Polo* court recognized, "any common issues of fact and law would come nowhere near predominating over the individualized assessment required for each class member's claim, including reliance and damages." *Id.* at 409; *see Voeks v. Pilot Travel Centers*, 07 C 31, 2008 WL 2485430 at *6 (E.D. Wis. Jun. 19, 2008) (in an EFTA case where external

---

[4] Several financial institutions reimburse ATM surcharges imposed on their customers for foreign ATM transactions, up to a certain amount per statement cycle.

[5] *See also Mowry v. J.P. Morgan Chase*, 06 C 4312, 2006 WL 2385296 at *1 (N.D. Ill. Aug. 11, 2006) (requesting authority on "whether or not the decision to proceed [with a transaction after on-screen notice of the fee charged and the amount of such a fee] might be viewed as a self-inflicted wound of the type that has long been characterized in the law by the maxim '*volenti non fit injuria*'"). The actual damages claim was later stricken. *See Mowry v. JP Morgan Chase*, 06 C 4312, 2007 WL 1772142 at *1 (N.D. Ill. Jun. 19, 2007).

ATM fee signage was allegedly missing, "to show actual damages under § 1693m(a)(1) a plaintiff must plead and prove detrimental reliance"); *Martz v. PNC Bank, N.A.*, 06 C 1075, 2007 WL 2343800 at *7 (W.D. Pa. Aug. 15, 2007) (declining to find predominance in a fee notice case under the EFTA because "to recover actual damages [under the EFTA], a plaintiff must establish causation of harm in the form of detrimental reliance"); *Brown v. Bank of America, N.A.*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006) (declining to award actual damages because "Plaintiff. . . cannot establish causation of harm in this case. . . [e]ven if the on-machine notice provided to customers was not properly placed, an ATM user must always affirmatively consent to being charged a fee on Bank of America's 'click-through' screen before the Defendant levies a fee"); *see also Blair v. Supportkids, Inc.*, 02 C 0632, 2003 WL 1908031 at *5 (N.D. Ill. Apr. 18, 2003) ("[s]uch individual issues of causation, reliance and damages plague class actions brought for fraud, and the courts frequently deny class certification in such cases because those issues generally predominate over any alleged common issues of fact or law.")

In contrast, as Judge Kendall recognized in *Burns v. First American Bank*, 04 C 7682, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006), "a plaintiff seeking statutory damages [under the EFTA] need not prove that he relied upon, was confused by or misled by a defendant's representations." *See Burns*, 2006 WL 3754820 at *6. Rather, "[e]ach class member's claim requires proof only that EFTA was violated." *Id.* That is why, in *Burns*, the court had no trouble finding predominance, and certifying a statutory-damages only Rule 23(b)(3) class. The result here should be no different.[6]

---

[6] Although Stone argues that some courts have certified classes under the Truth in Lending Act ("TILA") containing claims for actual damages, notwithstanding the presence of individual issues (*see Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 308 (N.D.Ill. 1995); *Johnson v. Steven Sims Subaru, Inc.*, 92 C 6355, 1993 U.S. Dist. LEXIS 8078 at *9 (N.D. Ill. June 9, 1993)), those cases are easily distinguished. In those cases, no proper disclosure was

**B.    Certification of A Class Encompassing Only One ATM Is Not Superior To A Class Dealing With All 19 Accused Corus ATMs.**

Finally, there is simply no reason to limit the class in this case to only one Corus ATM. Plaintiff's counsel is obviously trying this gambit in an effort to circumvent the EFTA's cap on statutory damages. However, Rule 23 does not permit such gamesmanship.

For one thing, when analyzing superiority under Fed. R. Civ. P. 23(b)(3), a "court is required to determine the *best available method* for resolving the claims in keeping with judicial economy, efficiency, and consistency." *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992) (emphasis added). Although that principle is usually invoked when weighing the superiority of a class action over multiple individual suits, its logic applies with equal (and perhaps more) force to piecemeal *class actions* seeking identical relief in connection with the same conduct by the same defendant. The efficiencies to be had from dealing with all 19 ATMs in one action, rather than 4, are self-evident.

For another thing, the damages cap would apply across all 19 ATMs, *regardless* whether they are tried as one or four cases. The EFTA statutory damages to $500,000 for "any class action *or series of class actions* arising out of the same failure to comply [with EFTA requirements] by the same person." 15 U.S.C. § 1693m(a)(1)(B) (emphasis added). That

---

(continued…)

ever given—hence, proximate cause, reliance and confusion in the face of clear actual notice were not at issue, as they are here. *See Chandler,* 162 F.R.D. at 310 ("the principal question presented is whether the disclosure provisions of Southwest's standard retail installment contract provided to Chandler and all the proposed class members" were proper); *Johnson*, 1993 U.S. Dist. LEXIS 8078 at *9 ("[i]n this case, the fundamental issue is whether the defendants provided the proper disclosure regarding early termination fees and warranties.") Here, it is undisputed that the proper fee notice appeared on-screen and a customer was required to affirmatively assent to the fee prior to being permitted to continue with a transaction; confusion and reliance for purposes of proving actual damages are, thus, clearly implicated here.

language is certainly broad enough to cover all four actions filed by Stone's lawyer against Corus, which involve the same alleged failure to comply with the EFTA (lack of signage disclosing transaction fees) by the same defendant (Corus).  *See also Nichols v. Northland Groups, Inc*., 2006 WL 897867 at *10 (N.D. Ill. Mar. 31, 2006) (emphasizing the importance of this language—found in both the EFTA and TILA, but absent from the Fair Debt Collection Practices Act ("FDCPA"), which does not contain the "or series of class actions" language—in permitting multiple class actions to proceed for the same defendant alleging the same conduct under the FDCPA).

## <u>CONCLUSION</u>

For the foregoing reasons, Corus respectfully requests that this court certify a Rule 23(b)(3) class in this matter, for purposes of statutory damages under the EFTA only, defined as follows:

> All persons who paid a transaction fee, from March 26, 2007 to March 27, 2008, for use of any of the following Corus Bank, N.A. ATMs:  S862001, S862002, S862003, S862004, S862005, S862006, S862007, S862008, S862009, S862010, S862011, S862012, S862013, S862014, S862015, S862018, S862019, S862021, or S862022.

Stone's motion for class certification should otherwise be denied.

Dated:  August 11, 2008

Respectfully submitted,

/s/  *James R. Daly*
_____
James R. Daly
Brian J. Murray
Matthew E. Szwajkowski
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Fax: (312) 782-8585

Attorneys for Defendant,
CORUS BANK, N.A.

-14-

**CERTIFICATE OF SERVICE**

I, Matthew E. Szwajkowski, an attorney, certify that on August 11, 2008, I served Defendant Corus Bank, N.A.'s **Response to Plaintiff's Motion for Class Certification and Cross-Motion for Certification of Statutory Damages Class** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at their e-mail addresses on file with the Court:

> Lance A. Raphael
> Stacy M. Bardo
> Allison Krumhorn
> The Consumer Advocacy Center, P.C.
> 180 W. Washington St., Ste. 700
> Chicago, IL 60602
> lance@caclawyers.com

*/s/ Matthew E. Szwajkowski*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICTOR RODRIGUEZ, individually and on behalf )
of all others similarly situated,                           )
                                                            )       FILED: JUNE 19 , 2008
                                                            )       08CV3511
                                     Plaintiff,             )       Case No.  JUDGE ASPEN
                                                            )                 MAGISTRATE JUDGE BROWN
         v.                                                 )
                                                            )                 AEE
CORUS BANK, N.A.,                                           )       JURY DEMANDED
                                                            )
                                     Defendant.             )

## CLASS ACTION COMPLAINT

Victor Rodriguez ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C.,

states as follows for his Class Action Complaint against Corus Bank, n.a. ("Defendant").

### The Parties

1.      Plaintiff is an Illinois citizen and resides in this district.

2.      Defendant is a bank with its principal place of business in this district.

### Jurisdiction and Venue

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because

this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*,

and Regulation E, 12 C.F.R. § 205.1 *et seq.*

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the

transactions at issue occurred in this district, Plaintiff resides in this district and Defendant

resides in this district.

**Statutory/Regulatory Authority**

5.      The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6.      Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7.      The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**Facts Related To Victor Rodriguez**

8.      On March 20, 2008, Plaintiff used automated teller machine ("ATM") number S862018 ("ATM S862018"), located at 2420 W. Lawrence Ave., Chicago, Illinois.

9.      On March 20, 2008, Plaintiff was charged a $2.00 fee to withdraw money from ATM S862018.

10.      On March 20, 2008, at the time Plaintiff used ATM S862018, there was no notice posted on or near ATM S862018 that disclosed that users would be charged any fee for using ATM S862018.

**COUNT I**
**VIOLATION OF EFTA AND REGULATION E**

11.      Plaintiff incorporates herein by reference paragraphs 1-10.

2

12.    Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of the following Corus Bank automated teller machines:

>925 Burnham, Calumet City
>10 S. Riverside, Chicago (Lobby)
>3179 N. Clark, Chicago (three machines) (Drive-up) (Vestibule) (Street)
>2401 N. Halsted, Chicago (Vestibule)
>2420 W. Lawrence, Chicago (two machines) (Drive-up) (Lobby)
>9190 W. Golf Rd., Niles (two machines) (Drive-up) (Vestibule)
>3940 N. Damen, Chicago (two machines) (Drive-up) (Lobby)
>7727 W. Lake St., River Forest (Vestibule)
>125 McHenry Rd., Wheeling (Vestibule)
>3604 N. Southport, Chicago (two machines) (Vestibule) (Drive-up)

13.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable.  The actual number of putative class members is in the exclusive control of Defendant.

14.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

    (a)    Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

    (b)    Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

15.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

3

(a) Plaintiff and all putative class members used an ATM operated by Defendant;

(b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendants' ATMs.

16.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

17.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

18.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

19.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

20.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

4

21.    Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22.    Defendant was the ATM operator of each ATM referenced in paragraph 12 above at all times relevant to this action.

23.    Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

24.    Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of the ATMs referenced in paragraph 12 above.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in his favor and against Corus Bank, n.a. and award the following:

A.    Actual and statutory damages as set forth in the EFTA and Regulation E;

B.    Attorneys' fees and costs of suit; and

C.    Such other relief as this Court deems proper.

### Plaintiff Demands A Trial By Jury

VICTOR RODRIGUEZ, Plaintiff,

By:    _____/s/ Lance A. Raphael_____
       Lance A. Raphael, One Of His Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

5