IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS STONE,<br><br>           Plaintiff,<br><br>v.<br><br>CORUS BANK, N.A.,<br><br>           Defendant. | Case No. 08 C 1746<br><br>Judge Bucklo<br><br>Magistrate Judge Denlow |

**PLAINTIFF'S MOTION TO STAY CLASS CERTIFICATION**
**BRIEFING SCHEDULE PENDING DISCOVERY**

Plaintiff Thomas Stone, by and through his attorneys, respectfully requests that this Court stay the pending briefing schedule on Plaintiff's class certification motion, stating as follows:

1. Plaintiff filed his motion for class certification on July 10, 2008.

2. In response to Plaintiff's motion, Defendant Corus Bank, N.A. ("Corus") filed a cross-motion for certification of a statutory damages class.

3. While Corus's cross-motion seeks class treatment, it seeks class treatment for a different class, and seeks to limit the scope of damages for that class.

4. Corus' main argument is that it wants this Court to certify a broader class than that sought to be certified by Plaintiff. Corus claims that one class should be certified for <u>all</u> its non-compliant ATMs, stating that the practice of not posting ATM fee notices on multiple ATMs was a uniform policy and thus, meets the commonality and predominance requirements of Fed. R. Civ. P. 23 for all the non-compliant machines it owns.

5. These machines are the subject of four class actions: the instant action; *Gloria Rodriguez v. Corus Bank*, Case No. 08 C 2254; *Kistner v. Corus Bank*, Case No. 08 C 2797 and

*Victor Rodriguez v. Corus Bank*, Case No. 08 C 3511 (two of which have been currently been reassigned to this Court for relatedness).

6. Although each are premised on missing fee notices, the circumstances of each missing fee notice may be distinct. This is what needs to be determined by conducting discovery between the parties.

7. For example, Corus' non-compliance with the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*, ("EFTA") is varied based upon, among other things, (a) missing fee notices at different types of locations (*i.e.*, walk-up vs. drive-up), and (b) the fact that some branches did indeed have posted notices. This raises the question as to how Corus could have a uniform policy for posting notices when each branch differed as to whether the notice was posted or not.

8. Before this Court decides what class to certify, discovery should proceed to determine how, if at all, Corus directed its various branches regarding EFTA compliance.

9. This matter is currently up for a discovery scheduling conference on August 28, 2008, which is agreed to by both parties, so no undue delay is expected to occur if this motion to stay is granted.

10. Accordingly, Plaintiff seeks to stay submission of his reply brief in support of his motion for class certification to take discovery.

WHEREFORE, Plaintiff respectfully requests that briefing on his motion for class certification be stayed pending discovery.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930